Collet, J.,
delivered the opinion of the court:
It is a general rule that the judgment of a court, having juris•diction *of the subject matter and of the parties, is, as a plea, a bar, and as evidence, conclusive between the same parties •or privies in any action afterward prosecuted for the same matter by either against the other. So that no matter once litigated and determined, by competent authority, can, in general, again be litigated between the same parties or their privies. To this rule, in our. law, we remember but one exception, which is, that a judgment, in an action of ejectment, does not prevent the parties from retrying the same matter in another action of ejectment. Judgments are, many of them, liable to be reversed for error; and judgments in ejectment as liable as others. By reversal a judgment is made void, and the matters, litigated in the case reversed, again becomes open for litigation between the same parties. A judgment in ejectment is also liable to be made void, by the party, against whom the judgment is rendered, prosecuting another •ejectment against him who obtained it, and recovering against him. This second judgment makes void the first. But, until a judgment in ejectment is made void by one of these methods, it is as decisive and conclusive between the parties and their privies as to the right of possession of the premises for the time laid in the declaration, as a judgment in any other action is as to the matter litigated in such other aCtion. 1 Stark. Ev. 191, 192, 208; 2 Stark. Ev. 545, 546; 13 Johns. 234; 4 Bin. 359.
The recovery of Hinton and wife, in the ejectment against McNeil, was decisive of their right of possession. McNeil had not recovered the premises in another ejectment, nor was the’judgment of Hinton *468 and wife reversed; he could not, therefore, rely upon his title. It is a general rule, that in trespass, the defendant can defend himself by showing title to the premises in himself; but if that title-has before been litigated between the same parties, and adjudicated by a court having jurisdiction, it can not again be litigated between them while that judgment is in force. In debt, the defendant may prove a counter debt as offset, or he may prove payment; but if the matter produced as offset or payment has before been litigated between the parties, and determined on, and the judgment unreversed, it will be rejected.
*As to the second ground, when a person claims the right to possess a tract of land which is in possession of another, the law gives such person the action of ejectment, in which his right is-tried; if he shows that he has the right of possession, judgment is rendered for him; he then has a right to have an habere facias poss.. commanding the marshal or sheriff, the executive officer of the court,, to remove the defendant from the premises recovered, and put the plaintiff in; when in, he has gained the object of his suit, and government,, or the law, will, in that suit, do no more for him. If he is afterward disturbed he must resort to another action. He can not have another execution. 2 Wheat. Selw. 565. If, after the judgment,, the defendant leaves the premises, or the lessor can take possession of them peaceably, he may do so without execution, and he will be protected by his judgment, as he would have been had he been put in on execution by the proper officer. He has as fully got the object of his suit. 13 Johns. 234. The execution and the officer, were unnecessary, as there was no objection or resistance to his taking possession. When he has obtained possession, he can not afterward have an execution. Adams on Eject, by Tillinghast, 312. When the lessor is in without execution, as he has precisely the game rights, he is protected by his judgment to the same extent, why should not the effect be the same ? Why should he after have an execution ? The defendant in either case has the same right to commence an action of ejectment against the lessor, or him whom he puts into possession, and a recovery in the second action against the lessor would make void, as has been before said, the first judgment. If, where there had been no execution on the first judgment,, one could still issue, it would defeat the effect of the second recovery. Hinde, the lessor, after his recovery in the circuit court, conveyed the premises to McNeil in fee. McNeil afterward took pos- *469 • session by virtue of this conveyance, and was thereby clothed with all the right of Hinde by virtue of this recovery. The action of ejectment was afterward commenced against McNeil by Hinton and wife, and a recovery had against him. This judgment, if Hinde had been made a party to it, would have made void the judgment of the circuit court, as to these ^premises, or if he had aliened to McNeil, with warranty, and had had notice of the suit, he might have made himself a party, and was bound by the judgment as though he had been a party. 1 Stark. Ev. 195; 4 Bin. 359. If the conveyance was without warranty, then the judgment against McNeil made Hinde’s judgment, as to these premises, void; no one was interested in it, as to these premises, but McNeil. If the judgment was rendered void, no execution could issue on it.
•As to the third ground, the crop was made by Haggard. McNeil took possession in August, when nothing more could be done for the crop than to keep up the fences around it, until it hardened and dried, and then to husk and crib it. He let Haggard have two-thirds of corn only, as appears from the receipt. The whole crop amounted to more than twelve hundred bushels; Hinton’s one-third part, therefore, was more than four hundred bushels. The verdict is for twenty dollars, which, for four hundred bushels is five cents per bushel. This was justly due to Haggard, and on his receipt of it due by him to Hinton, his lessor. It appears to me that Hinton, the landlord, might use the name of Haggard, his tenant, to sustain, his action. I see no other plain remedy for him; and if so, Haggard could not defeat it, even by a release. Payne v. Rogers, Doug. 406.
Upon the whole, it appears to us that no injustice has been done by the verdict; when this is the case, the court will not grant a new trial. A new trial is only granted when injustice has been done by the verdict, and there is a probability that justice will be cdone on retrial. 2 Burr. 936.
The motion is overruled.