LOEWENSTINE, APPELLANT, *v.* DELTA
AIR LINES, INC., APPELLEE.

(No. C-810469—Decided June 9, 1982.)

*Messrs. Goodman & Goodman, Mr. Stanley Goodman* and *Mr. Donald P. Morrisroe,* for appellant.

*Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. Douglas Rennie,* for appellee.

*Per Curiam.* Plaintiff-appellant Michael M. Loewenstine (Loewenstine) appeals from the final judgment dismissing his action in bailment against defendant-appellee Delta Air Lines, Inc. (Delta), claiming in his single assignment of error that the court erred in holding that his evidence failed to present a prima facie case. The assignment of error has merit.

The uncontroverted evidence was that Delta required Loewenstine to check a large camera case on a flight from Miami, Florida, to Cincinnati, that the case contained cameras and equipment of considerable value, that he retrieved the camera case at the Greater Cincinnati terminal, and that upon arrival at his home, he discovered the case was empty. Delta offered no explanation of the loss and no evidence that it had used due care. In its Findings of Facts and Conclusions of Law, the trial court stated:

"The Court concludes that it is reasonable to infer from the evidence that the camera and assorted items could have been inside the case at the time of redelivery by the defendant. Therefore, no presumption of negligence exists shifting the burden of proof to the defendant to show a reason of any loss at the time of redelivery. After the defendant bailee is out of possession of the bailed articles it would be unreasonable, without evidence, to permit an extension of liability.

"* * *

"Where airlines [*sic*] in fact does redeliver the bailed items in apparently good condition and bailor fails to properly inspect at the time of re-delivery and later claims a loss of bailed items out of possession of airlines [*sic*], there is no presumption of negligence attributable to the defendant."[1]

The trial court erred. It failed to apply the established law, stated as follows in the first paragraph of the syllabus of *David* v. *Lose* (1966), 7 Ohio St. 2d 97 [36 O.O.2d 81]:

"In order to establish a prima facie case against a bailee in an action sounding

---

[1] Delta did not raise the question of whether Loewenstine's notice was timely. The trial court apparently ignored Delta's admission, found in its written answer to Loewenstine's Interrogatory No. 7, that Loewenstine "gave due and timely notice of his loss to [Delta]."

in contract, *a bailor need prove only* (1) the contract of bailment, (2) delivery of the bailed property to the bailee and (3) failure of the bailee to redeliver the bailed property undamaged at the termination of the bailment." (Emphasis added.)

The judgment below must be reversed.

Delta, as appellee, sets forth an assignment of error in its brief, claiming that even though it did not file a notice of cross-appeal (implicitly allowed under App. R. 4[A]), R.C. 2505.22 requires us to pass upon its assignment of error before the judgment is reversed. The statute reads in full as follows:

"Assignments of error may be filed on behalf of an appellee which shall be passed upon by a reviewing court before a judgment or order is reversed in whole or in part. The time within which assignments of error on behalf of an appellee may be filed shall be fixed by rule of court."[2]

Delta desires to have this court reverse the trial court's conclusion that Delta's ticket agent waived the tariff limitation of liability to $640 for loss of baggage, by failing to respond to Loewenstine's oral declaration that the contents of the camera case were worth $9,000. A cross-appeal by Delta could not raise its claim that the court's finding in this respect was erroneous, because the judgment appealed from was totally in Delta's favor. It was not prejudiced. But Delta wishes to forestall the possibility that upon reversal and remand, Loewenstine will claim that this issue cannot be relitigated under the doctrines of res judicata and collateral estoppel.[3]

We conclude that R.C. 2505.22 does not apply in this case. We construe the statute to give an appellee who has not cross-appealed the right to file assignments of error only for the limited purpose of preventing the reversal of the judgment under review.[4] As stated in *Parton* v. *Weilnau* (1959), 169 Ohio St. 145, 171 [8 O.O.3d 134]:

"* * * In other words, it may be said that an assignment of error by an appellee, where such appellee has not filed any notice of appeal from the judgment of

---

[2] The constitutionality of the (verbatim) predecessor of R.C. 2505.22 was questioned in *Winslow* v. *Ohio Bus Line Co.* (1947), 148 Ohio St. 101, 117 [35 O.O. 91], but it was not ruled on, because the case had to be remanded to the court of appeals to pass on those assignments of error that may not have been decided by that court. The constitutionality of R.C. 2505.22 is not raised in the instant case, nor is it pertinent to disposition of the appeal.

[3] We do not reach the question whether the issue of waiver may be relitigated, by reason of the procedural impasse discussed *infra*. However, in order to avoid any misunderstanding in the trial court upon remand, we note (1) that the trial court's decision about waiver was redundant and unnecessary to its final judgment that Loewenstine had failed to prove a prima facie case, and (2) that even though the issue limiting damages might conceivably be severable from the issue of liability, our reversal of the judgment below is unqualified and we have not chosen the option of reversing the

judgment only in part and remanding the case for further proceedings only on one issue (as may be done under the decision in *Mast* v. *Doctor's Hospital North* [1976], 46 Ohio St. 2d 539 [75 O.O.2d 556]). We reverse the entire judgment in the instant case, and this includes all issues whatsoever. As stated in *Hinton* v. *McNeil* (1832), 5 Ohio 509, 511, "By reversal a judgment is made void, and the matters, litigated in the case reversed, again becomes open for litigation between the same parties." The doctrines of res judicata and collateral estoppel do not apply. See *Hixson* v. *Ogg* (1895), 53 Ohio St. 361; *Gas-light Co.* v. *Zanesville* (1889), 47 Ohio St. 35.

[4] It is difficult to conceive how an appellee would claim error when the appellee is seeking to prevent reversal of the judgment below. Nevertheless, the rule is clear that without the timely and proper filing of a notice of appeal, a litigant has no standing to attack a judgment or final order.

the lower court, may be used by the appellee as a shield to protect the judgment of the lower court but may not be used by the appellee as a sword to destroy or modify that judgment."

See, also, Whiteside, Ohio Appellate Practice (1974) 13, Section 3.12. Delta is not seeking to *prevent* the reversal of the trial court's conclusion that its agent had waived the limitation of liability; on the contrary, it asks us to reverse that factual conclusion.[5] R.C. 2505.22 does not allow Delta to raise this issue by assignment of error when it has not cross-appealed.

Loewenstine's single assignment of error has merit. The judgment below is reversed and this cause is remanded for further proceedings.

*Judgment reversed
and cause remanded.*

SHANNON, P.J., BLACK and DOAN, JJ., concur.

---

[5] Even if the issue were, somehow, properly presented, we would refrain from rendering any final judgment thereon. This is a factual issue and questions of credibility are exclusively within the province of the trier of fact.