Thomas **DODRILL**, Plaintiff-Appellant,

v.

Robert **LUDT**, Niles Police Department; John A. Ross, Niles Police Department; and City of Niles, Defendants-Appellees.

No. 84–3712.

United States Court of Appeals, Sixth Circuit.

Argued April 29, 1985.

Decided June 11, 1985.

**443**

Before KENNEDY and KRUPANSKY, Circuit Judges, and TIMBERS,* Senior Circuit Judge.

PER CURIAM.

Plaintiff Dodrill appeals from the District Court's order granting summary judgment to defendants in this suit brought under 42 U.S.C. § 1983. We reverse.

In May 1982, Dodrill was arrested for possession of marijuana in violation of a Niles, Ohio municipal ordinance. Dodrill's pretrial motion to prevent the marijuana

* The Honorable William H. Timbers, United States Court of Appeals for the Second Circuit,

from being introduced as evidence, due to an alleged fourth amendment violation, was denied. Dodrill was subsequently convicted by a jury in the Niles Municipal Court. The conviction was reversed, however, by the Ohio Court of Appeals which found Niles Ordinance 513.03, under which Dodrill was convicted, to be unconstitutional because it conflicted with the general laws of the state.

Dodrill then filed this § 1983 action against Officer Ludt, Police Chief Ross and the City of Niles. The complaint alleged two causes of action: an illegal search and seizure in violation of Dodrill's fourth and fourteenth amendment rights, and the surreptitious placing of the marijuana in the car by Officer Ludt in violation of Dodrill's fourteenth amendment due process rights.

■ The District Court entered summary judgment against Dodrill on the basis of collateral estoppel. The District Court's opinion employs the term "res judicata." "Res judicata" has both a general and a specific meaning. In its general sense it refers to the preclusive effects of former proceedings. This broad category is divided into two more specific groups: "res judicata" in its narrower sense, and "collateral estoppel." Res judicata, in its narrow sense, refers to claim preclusion. Collateral estoppel refers to issue preclusion. Since the differences between the two require significantly different analyses, it is important to keep clear which is being discussed. The District Court's opinion, quite correctly, addressed issue preclusion, but gave it the broad "res judicata" label. For clarity we prefer the more specific term, "collateral estoppel." *See generally Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984).

The District Court found that under *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), Dodrill was precluded from relitigating in a federal civil action

sitting by designation.

a fourth amendment claim which had been finally determined in a state criminal proceeding and which state law would have precluded him from relitigating in state court. With respect to the due process claim, the court found that the jury in the prior case "rejected [Dodrill's] defense that the officer lied and that the marijuana was planted in his car." Therefore, the court, relying on Ohio law,[1] held that Dodrill was precluded from relitigating that issue as well.

On appeal, the parties limit their argument to whether the District Court properly interpreted Ohio law. Specifically in dispute is whether Ohio courts would apply collateral estoppel when a defendant in a prior criminal trial subsequently brings a civil suit against a police officer. Dodrill argues that the doctrine of collateral estoppel in Ohio includes a strict mutuality requirement which is not satisfied in such a situation. We need not decide this question of Ohio law. There is a threshold question which must be addressed and which compels us to find in Dodrill's favor.

■ The constitutionally based reversal of Dodrill's conviction presents us with an unusual situation. The issues that Dodrill now wants to litigate were fully litigated and firmly decided at the criminal trial. Dodrill did not challenge the fact-findings on appeal. The conviction was reversed on grounds having no bearing on the validity of the fact-findings. The reversal, however, vacates the judgment entirely, technically leaving nothing to which we may accord preclusive effect.

■ We have found no Ohio law on this specific point, but the general rule is that a judgment which is vacated, for whatever reason, is deprived of its conclusive effect as collateral estoppel. See Simpson v. Motorists Mutual Insurance Co., 494 F.2d 850, 854–55 (7th Cir.), cert. denied, 419 U.S. 901, 95 S.Ct. 184, 42 L.Ed.2d 147 (1974) (extent of insurance policy coverage could be relitigated after initial judgment

had been remanded with instructions to dismiss on ground that requisite jurisdictional amount had not been met); Universal City Studios v. Nintendo Co., 578 F.Supp. 911, 919 (S.D.N.Y.1983) (no preclusive effect as to any issues where court of appeals vacated judgment pursuant to parties' settlement agreement); Angstrohm Precision, Inc. v. Vishay Intertechnology, Inc., 567 F.Supp. 537, 540–41 (E.D.N.Y. 1982) (no preclusive effect as to any issues where district court vacated judgment pursuant to parties' settlement agreement); Dunlop v. Rhode Island, 398 F.Supp. 1269, 1273 (D.R.I.1975) (no preclusive effect as to any issues where judgment was vacated by court of appeals on ground that eleventh amendment barred federal jurisdiction in the case); see generally 1B J. Moore, J. Lucas & T. Currie, Moore's Federal Practice, ¶ 0.416[2] (2d ed. 1984). We believe that Ohio would follow this rule. See Hinton v. McNeil, 5 Ohio 509, 511 (1832) ("[b]y reversal a judgment is made void, and the matters, litigated in the case reversed, again becomes open for litigation between the same parties").

Any other rule would needlessly and astronomically proliferate the number of issues raised on appeal. If a judgment could be entirely vacated yet preclusive effect still given to issues determined at trial but not specifically appealed, appellants generally would feel compelled to appeal every contrary factual determination. Such inefficiency neither lawyers nor judges ought to court. Litigants ought to be encouraged to expend their energies on their most compelling issues and arguments, without paranoia about the preclusive effect of other issues or determinations.

Dodrill's appeal from his conviction was based solely on constitutional grounds because he believed that issue presented the best opportunity for reversal. By this course of action he was not acquiescing in adverse factual determinations made at his trial. When he won his appeal and the

---

**1.** Under *Migra, supra,* federal courts must accord a prior state proceeding the same preclusive effect, with regard to either claims or issues, that it would have in the courts of that state.

judgment was vacated, all such factual determinations were vacated with it, and their preclusive effect surrendered.

Dodrill is not estopped from litigating the issues raised in his complaint. The judgment of the District Court is reversed and the case is remanded for further proceedings.

Reversed with directions.