RIDGEVIEW CENTER, INC., APPELLANT, *v.* LORAIN COUNTY BOARD OF
REVISION ET AL., APPELLEES.

[Cite as Ridgeview Center, Inc. *v.* Lorain Cty. Bd. of Revision (1989),
42 Ohio St. 3d 30.]

(No. 87-1987—Submitted January 17, 1989—Decided April 12, 1989.)

*Fred Siegel Co., L.P.A., Wayne E. Petkovic, Fred Siegel* and *Karen Bauernschmidt,* for appellant.

*Gregory A. White,* prosecuting attorney, and *John G. Morrison,* for appellees.

*Per Curiam.* In *R.R.Z. Assoc.* v. *Cuyahoga Cty. Bd. of Revision* (1988), 38 Ohio St. 3d 198, 201, 527 N.E. 2d 874, 877, this court summarized the

functions of the BTA and this court in valuing real property for tax purposes:

"The BTA need not adopt any expert's valuation. It has wide discretion to determine the weight given to evidence and the credibility of witnesses before it. Its true value decision is a question of fact which will be disturbed by this court only when it affirmatively appears from the record that such decision is unreasonable or unlawful. *Cardinal Federal S. & L. Assn.* v. *Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St. 2d 13, 73 O.O. 2d 83, 336 N.E. 2d 443, paragraphs two, three and four of the syllabus. This court is not a ' "super" Board of Tax Appeals.' *Youngstown Sheet & Tube Co.* v. *Mahoning Cty. Bd. of Revision* (1981), 66 Ohio St. 2d 398, 400, 20 O.O. 3d 349, 351, 422 N.E. 2d 846, 848. We will not overrule BTA findings of fact that are based upon sufficient probative evidence. *Hawthorn Mellody, Inc.* v. *Lindley* (1981), 65 Ohio St. 2d 47, 19 O.O. 3d 234,' 417 N.E. 2d 1257, syllabus."

Since we find that it affirmatively appears from the record that the BTA's decision is unreasonable, we reverse and remand.

The BTA stated that "the report of * * * [appellant's] witness more closely resemble[d] the actual fair market value of the subject property" and then criticized appellees' witness as to the methods used in making his valuation. Yet, the BTA found that the property's true values were approximately $1,150,000 higher than the opinion of appellant's witness and approximately $279,000 higher than that of appellees' witness. We have also reviewed the administrative record and find nothing to support the BTA's decision. Nor did the BTA state what evidence in the record prompted its decision.

The statements in the BTA's decision reasonably suggest that the property's value would approximate the opinion presented by appellant's witness. However, the BTA's conclusion is at great variance with the body of its decision. We hold that the BTA acted unreasonably because its decision is internally inconsistent and because it decided that the true values of the subject property were in excess of the evidence presented to it. *Mentor Exempted Village Bd. of Edn.* v. *Lake Cty. Bd. of Revision* (1988), 37 Ohio St. 3d 318, 526 N.E. 2d 64. Therefore, the decision of the BTA is reversed and the cause is remanded to it for a decision consistent with this opinion.

*Decision reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.