**DUBLIN WOODS, LTD., Appellee,**

**v.**

**UNION COUNTY BOARD OF REVISION, Appellant.**

[Cite as *Dublin Woods, Ltd. v. Union Cty. Bd. of Revision* (1989), 63 Ohio App.3d 620.]

Court of Appeals of Ohio,
Union County.

No. 14-87-4.

Decided Aug. 4, 1989.

*Coen, Wexler & Wentz* and *Samuel C. Wexler,* for appellee.

*R. Larry Schneider,* Prosecuting Attorney, and *John C. Heinkel,* for appellant.

*Per Curiam.*

This is an appeal by appellant, Union County Board of Revision, from a decision entered by the Board of Tax Appeals (hereinafter "BTA") in favor of the appellee-taxpayer, Dublin Woods, Ltd., an Ohio limited partnership, from a determination by the board of revision that a farm owned by the taxpayer should be valued at its fair market value for the tax year 1983 and not at its agricultural use value.

The property is in fact a farm (see Transcript of Proceedings before Attorney Examiner, page 15) consisting of 243.291 acres. For the 1983 tax year, the county auditor determined that the property should be valued at its fair market value of $532,700 and the taxable value should be determined to be $186,450. Appellee contended that the agricultural use value for the property in 1983 was approximately $38,030 and that the taxes should be based on that figure.

Appellant, board of revision, after hearing appellee's complaint, rendered the same valuation as the county auditor. On appeal the BTA found that the

county auditor failed to send the appellee notices, by certified mail, of the Current Agricultural Use Valuation Program, as required pursuant to R.C. 5713.31, which would permit appellee to pay taxes on the property based on its agricultural use value, and directed the county auditor to list and assess the property at its current agricultural use value as of January 1, 1983.

The board of revision appeals the judgment of the Board of Tax Appeals setting forth two assignments of error:

Assignment of error number one:

"The Board of Tax Appeals erred in finding the appellee herein, Dublin Woods, Ltd., an Ohio limited partnership, was entitled to certified mail notice pursuant to [R.C.] 5713.31 and that the appellee was therefore entitled to have the subject property valued at its current agricultural use value for tax year 1983."

R.C. 5713.31, as effective January 1, 1982, stated:

"At any time after the first Monday in January and prior to the first Monday in March of any year, an owner of agricultural land may file an application, on a form prescribed by the tax commissioner, with the county auditor of the county in which such land is located, requesting the auditor to value the land for real property tax purposes at the current value such land has for agricultural use, in accordance with rules adopted by the commissioner for the valuation of such land. The commissioner shall also prescribe a renewal application, which shall require no more information than is necessary to establish the applicant's continued eligibility to have his land valued for agricultural use, for all lots, parcels, or tracts of land, or portions thereof, within a county, that have been valued at the current value of such land for agricultural use in the preceding tax year. On or before the second Tuesday after the first Monday in March, the auditor shall determine whether the owner of any lot, parcel, or tract of land or portion thereof contained in the preceding tax year's agricultural land tax list failed to file a renewal application for the current tax year with respect to such lot, parcel, or tract or portion thereof and shall forthwith notify each such owner by certified mail that unless application is filed with the auditor prior to the first Monday of April of the current year, the land will be valued for real property tax purposes in the current tax year as its true value in money * * *."

The board of revision contends that Dublin Woods, Ltd. had not previously filed an application under R.C. 5713.31, and was not the owner of any lot parcel or tract of land or portion thereof contained in the preceding tax years' agricultural land tax list, and therefore was not entitled to file a renewal application for the land to be valued for agricultural use, and that the certified mail requirement under R.C. 5713.31 was not applicable.

R.C. 5713.30(D) defines "owner" as follows:

" 'Owner' includes, but is not limited to, any person owning a fee simple, fee tail, life estate, or a buyer on a land installment contract."

■ In 1973, the partners of Dublin Woods, Ltd. purchased the property in question. The ownership of the land was continuous through the tax year of 1983. Therefore, Dublin Woods, Ltd. was the owner of the land in accordance with R.C. 5713.31.

Although the land in question was in fact a farm and was devoted to agricultural use, there is no evidence in the record that the land was contained in any agricultural land tax list for the preceding year.

The board of revision further contends that Dublin Woods, Ltd. was not filing a "renewal" application, and therefore the certified mail requirement of R.C. 5713.31 was inapplicable. As stated above, the record indicates that the property was continuously used and taxed as agricultural land from 1973 until 1983. However, the record further indicates that Dublin Woods, Ltd. had not previously filed an application under the Current Agricultural Use Valuation ("CAUV") Program in order to have the property valued for agricultural use.

R.C. 5713.31, on July 26, 1974 the date it became effective, provided:

" * * * On or before the second Tuesday after the first Monday in March, the auditor shall determine whether the owner of any lot, parcel, or tract of land or portion thereof contained in the preceding tax year's agricultural land tax list *failed to file an application for the current tax year with respect to such lot, parcel, or tract of portion thereof and shall forthwith notify each such owner by certified mail* that unless application is filed with the auditor prior to the first Monday of April of the current year, the land will be valued for real property tax purposes in the current tax year at its true value in money * * *." (Emphasis added.)

Further, R.C. 5713.31, effective September 9, 1988, provides:

"On or before the second Tuesday after the first Monday in March, the auditor shall determine whether the current owner of any lot, parcel, or tract of land or portion thereof contained in the preceding tax year's agricultural land tax list *failed to file an initial or renewal application, as appropriate, for the current tax year with respect to such lot, parcel, or tract or portion thereof.* He shall forthwith notify, by certified mail, each owner who failed to file an application that unless application is filed with the auditor prior to the first Monday of April of the current year, the land will be valued for real property tax purposes in the current tax year at its true value in money and that the recoupment required by sections 5713.34 and 5713.55 of the Revised

Code will be placed on the current year's tax list and duplicate for collection. * * * " (Emphasis added.)

■ We conclude that the legislature intended the certified mail requirement in R.C. 5713.31, effective January 1, 1982, to apply only to "renewal" applications and not to "initial" applications, as set forth in R.C. 5713.31, effective July 26, 1974 and September 9, 1988.

■ We further conclude that pursuant to R.C. 5713.31, effective January 1, 1982, the Union County Auditor was under no duty to notify Dublin Woods, Ltd. by certified mail concerning failure to file an "initial" application for the CAUV Program.

■ Under R.C. 5717.04, this court, upon hearing and considering the record and evidence, must decide whether the decision of the BTA was reasonable and lawful. *Ridgeview Center, Inc. v. Lorain Cty. Bd. of Revision* (1989), 42 Ohio St.3d 30, 31, 536 N.E.2d 1157, 1158.

The BTA, ruling on the issue of whether the county auditor property followed the requirements of R.C. 5713.31, found:

"In November, 1982 a notice was mailed to the appellant indicating that the Union County Auditor had not received the appellant's renewal application for the CAUV program. In February, 1983, a second notice identical to the first was mailed to the appellant. A third notice was mailed in February, 1984. All three notices were sent by regular U.S. mail. The appellant did not respond to these notices. The appellant testified that it did not receive any notice of its failure to file its renewal application. Eloise Dowell, the Union County Auditor, admitted that the appellant herein was not notified by certified mail. Accordingly, the Board finds that section 5713.31 has not been complied with in this instance. The appellant is entitled to have the subject property valued at its current agricultural use value for tax year 1983."

We find that the BTA decision, based on the evidence before it, was unreasonable and unlawful.

Assignment of error number one is well taken.

Assignment of error number two:

"The Board of Tax Appeals erred in failing to set the fair market value of the subject property at $535,000.00 as agreed by the parties."

■ The board of revision contends that the BTA erred in failing to set the fair market value of the Dublin Woods, Ltd. property at $535,000.

The Board of Tax Appeals found that the county auditor did not comply with R.C. 5713.31, and therefore the property should be valued at its agricultural use value for the tax year of 1983.

However, as this court has found in assignment of error number one, the BTA erred in its decision requiring the county auditor to tax the property at its agricultural use value. Instead, the property should have been taxed at its fair market value for the 1983 tax year.

The record indicates that the only evidence before the BTA concerning the fair market value of the property was an appraiser's report establishing the fair market value of the property at $535,000. Further, the parties agreed that the fair market value of the property for the tax year of 1983 was $535,000. Therefore, although it was error for the BTA to order that the value of the property be set at its CAUV value, the only evidence of the fair market value of the property for the 1983 tax year was $535,000, which value was the agreed fair market value.

Thus any failure of the BTA to establish the fair market value is not prejudicial as that value is established by agreement of the parties.

Assignment of error number two is not well taken.

Dublin Woods, Ltd. in its brief sets forth four "answers to argument" three of which are unrelated to the board of revision's assignments of error (arguments two, three and four). Although these "arguments" are not set forth as cross-assignments of error, we will, for purposes of this appeal, consider them as such.

Dublin Woods, Ltd. did not file a notice of appeal in this case.

In *Chapman v. Ohio State Dental Bd.* (1988), 33 Ohio App.3d 324, 327, 515 N.E.2d 992, 995, the court stated:

" * * * An appellee who has not filed a notice of appeal (cross-appeal) can file cross-assignments of error under R.C. 2505.22. However, such assignments of error are only for the limited purpose of preventing the reversal of the judgment under review. *Lowenstine v. Delta Air Lines, Inc.* (1982), 7 Ohio App.3d 185, 7 OBR 232, 455 N.E.2d 3."

In this situation we will consider these arguments as the decision of the BTA requires reversal.

Dublin Woods, Ltd.'s cross-assignment of error number one:

"The Board of Tax Appeals *did not* err in finding the appellee herein, Dublin Woods, Ltd., an Ohio limited partnership was entitled to certified mail notice pursuant to Section 5713.31 and that the appellee was therefore entitled to have the subject property valued at its current agricultural use value for tax year 1983."

This issue was treated under the first assignment of error above and will not be further treated here except to state that it is not well taken.

Dublin Woods, Ltd.'s cross-assignment of error number two:

■ "The auditor wrongfully prevented the Board of Revision of Union County from acting on the application of the appellee for relief under the powers granted it by O.R.C. Section 5713.38."

R.C. 5713.38 provides:

"Notwithstanding section 5713.31 of the Revised Code, in any year in which the county auditor has not advertised the completion of his reappraisal or equalization or notified the owner of agricultural land of a change in the valuation of such land prior to the date on which the owner may file an application requesting the auditor to value the land for real property tax purposes at the current value such land has for agricultural use, and there is an increase in such valuation in that year, the owner may file such application for that tax year at any time prior to the first Monday in March of the following calendar year.  * * * "

A review of the record indicates that the Union County Auditor did advertise the completion of her 1983 reappraisal in the local newspaper during a one-week period beginning on March 20, 1984 and thereby satisfied the requirements of R.C. 5713.38.

Appellee's cross-assignment of error number two is not well taken.

■ Cross-assignment of error number three:

"The county board erred in not giving notice to the appellee by *personal service, leaving a copy at the usual place of business* or by sending the same by *registered mail* pursuant to O.R.C. Section 5715.12."

R.C. 5715.12, in pertinent part, provides:

"The county board of revision shall not increase any valuation without giving notice to the person in whose name the property affected thereby is listed and affording him an opportunity to be heard.  Such notice shall describe the real property, the tax value of which is to be acted upon, by the description thereof as carried on the tax list of the current year, and shall state the name in which it is listed;  such notice shall be served by delivering a copy thereof to the person interested, by leaving a copy at the usual place of residence or business of such person, or by sending the same by registered letter mailed to the address of such person. * * * "

Dublin Woods, Ltd. contends that the county auditor violated R.C. 5715.12 by sending no notice to it of the increased value of the property.

Any increase in the value of the property in question resulted from a reappraisal of which notice was given by publication pursuant to R.C. 5713.38.

We find that the increase in valuation of Dublin Woods, Ltd.'s property was the result of the board of revision's revaluation of real property situated in the county subject to reappraisal. Therefore, pursuant to R.C. 5713.38, the Union County Board of Revision was not required to give any additional notice to Dublin Woods, Ltd. concerning the increase of the valuation of the property.

Appellee's third cross-assignment of error is not well taken.

■ Cross-assignment of error number four:

"There is no possibility of future tax loss to the county since under O.R.C. Section 5713.34 the county can recoup for any conversion of land from agricultural use and such recoupment shall go back four years from the date of conversion."

Dublin Woods, Ltd. contends that Union County will not be prejudiced by allowing it to pay tax on the agricultural use value because the county can recoup for any conversion of the land from agricultural use.

However, we find that the issue in this case does not involve recoupment but instead whether the Union County Auditor complied with R.C. 5713.31.

Cross-assignment of error number four is not well taken.

Finding the decision of the BTA to be contrary R.C. 5713.31, effective January 1, 1982, we reverse the BTA's decision.

*Decision reversed.*

SHAW, MILLER and COLE, JJ., concur.

RALPH D. COLE, JR., J., retired, of the Third Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.