[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 13.]

COLUMBUS BOARD OF EDUCATION, APPELLANT, *v*. FRANKLIN COUNTY BOARD

OF REVISION; NESTLE FOODS CORPORATION, APPELLEE.

[Cite as *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision*,

**1996-Ohio-432.**]

*Taxation—Real property valuation—Board of Tax Appeals' failure to find true value based upon its own independent analysis of the evidence is unreasonable and unlawful.*

(No. 95-1098—Submitted January 4, 1996—Decided July 3, 1996.)

APPEAL from the Board of Tax Appeals, No. 93-H-435.

_____

{¶ 1} On February 4, 1991, appellee, Nestle Foods Corporation ("Nestle"), acquired all the assets of Big Drum, Inc., a division of Alco Standard Corporation ("Alco"). On the same day, Nestle filed a real property conveyance fee statement with the Franklin County Auditor and a limited warranty deed transferring title to five parcels of real property (parcel Nos. 010-55339, 010-62089, 010-66816, 010-87942 and 010-99102) with the recorder. The consideration stated in the conveyance fee document for the five parcels was $1,575,000.

{¶ 2} On March 12, 1992, the appellant, Columbus Board of Education, filed two complaints with the Franklin County Board of Revision ("BOR"). The first complaint related to parcel Nos. 010-55339, 010-62089, 010-66816 and 010-87942. The second complaint related to parcel no. 010-99102. Two complaints were necessary because parcel No. 010-99102 was not contiguous to the other four parcels. Nestle was listed as the owner on both complaints. The complaints alleged that the five parcels had been transferred in a recent arm's-length transaction for a true value of $1,575,000. The Franklin County Auditor had previously assessed the five parcels at a total true value of $694,900.

**{¶ 3}** Counter-complaints were filed by Nestle in which it alleged that it had acquired six parcels of real property in the Alco-Nestle transaction, not five, for $1,575,000. The six parcels included the five listed on the Columbus Board of Education's complaints, plus parcel No. 010-133737. Parcel No. 010-133737 was listed on the tax map under the name of Franklin County and was assessed by the auditor at a true value of $1,788,686.

**{¶ 4}** Nestle presented to the BOR tax bills for the six parcels, five of which were addressed to Nestle Foods Corporation. The sixth tax bill, for parcel No. 010-133737, showed the name "Franklin County Comm[.]" and was addressed to Big Drum, Inc.

**{¶ 5}** A hearing was held by the BOR on October 15, 1992. Prior to the hearing, the Columbus Board of Education submitted copies of the conveyance fee statement and the limited warranty deed.

**{¶ 6}** A representative from Nestle, who had not participated in the transaction, testified that to the best of his knowledge six parcels had been transferred in the Alco-Nestle transaction. No conveyance fee statement or deed for parcel No. 010-133737 was introduced into evidence at the BOR hearing by either party. The BOR had the Franklin County Engineer's Office verify that the limited warranty deed, introduced by the Columbus Board of Education, included only the five parcels listed in the complaints.

**{¶ 7}** At the end of the BOR hearing Nestle was invited to submit additional information. Nestle apparently submitted a copy of an unsigned, undated document described as an "Assignment and Assumption Agreement" between Nestle and Alco. The agreement assigned to Nestle all of Alco's right, title, and interest to a lease agreement and other IRB (industrial revenue bond) financing documents between Big Drum, Inc. and Franklin County. In addition, Nestle submitted part of an unidentified document which stated that Nestle was to receive a leasehold interest in real property subject to an "IRB Agreement" with Franklin County.

{¶ 8} The BOR rejected the evidence of the Columbus Board of Education and stated that Nestle also provided insufficient facts. As a result, the BOR let the valuations for the six parcels stand as assessed by the auditor.

{¶ 9} The Columbus Board of Education appealed to the BTA which affirmed the decisions of the BOR.

{¶ 10} This cause is now before the court upon an appeal as of right.

_____

*Teaford, Rich, Coffman & Wheeler, Jeffrey A. Rich* and *Karol Cassell Fox*, for appellant.

*Wayne E. Petkovic*, for appellee.

_____

*Per Curiam.*

{¶ 11} The Columbus Board of Education contends that the BTA acted unreasonably and unlawfully when it presumed the BOR's decisions to be valid. We agree.

{¶ 12} A review of the BTA's decision in this matter makes it clear that the standard of review which the BTA applied was incorrect.

{¶ 13} R.C. 5717.01 provides that upon the filing of an appeal from a decision of the county board of revision, the board of revision "shall thereupon certify to the board of tax appeals a transcript of the record of the proceedings of the county board of revision * * * and all evidence offered in connection therewith." R.C. 5703.02(A)(2) provides that for appeals from a board of revision, the BTA is to "hear and determine all appeals of questions of law and fact." With this background we turn to a consideration of the present case.

{¶ 14} The parties herein apparently waived presentation of further evidence and agreed that only the evidence presented to the BOR was to be considered by the BTA. The situation faced by the BTA in this case is analogous to that faced by the common pleas court in *Black v. Cuyahoga Cty. Bd. of Revision*

(1985), 16 Ohio St.3d 11, 16 OBR 363, 475 N.E.2d 1264. The court in *Black* had before it an appeal from a board of revision under R.C. 5717.05, the alternative appeal provision to R.C. 5717.01. The only evidence before the common pleas court was the statutory transcript from the board of revision. We stated in *Black* that the common pleas court was not required to hold an evidentiary hearing or a trial *de novo,* but that the common pleas court "has a duty on appeal to independently weigh and evaluate all evidence properly before it. The court is then required to make an independent determination concerning the valuation of the property at issue. The court's review of the evidence should be thorough and comprehensive, and should ensure that its final determination is more than a mere rubber stamping of the board of revision's determination." *Id.* at 13-14, 16 OBR at 365, 475 N.E.2d at 1267. Our conclusion in *Black* was that R.C. 5717.05 "contemplates a *decision de novo.* "(Emphasis *sic.*) *Id.* at 14, 16 OBR at 365, 475 N.E.2d at 1268.

{¶ 15} The duty of both the BTA and the common pleas court upon an appeal is to "determine the taxable value of the property." See R.C. 5717.03 and 5717.05. We find that the BTA in this case is required to meet the standard enunciated in *Black*. Thus, if the only evidence before the BTA is the statutory transcript from the board of revision, the BTA must make its own independent judgment based on its weighing of the evidence contained in that transcript.

{¶ 16} When the BTA reviews a decision from a board of revision, its duty is to establish the taxable value of the property. *Coventry Towers, Inc. v. Strongsville* (1985), 18 Ohio St.3d 120, 18 OBR 151, 480 N.E.2d 412. In *Ratner v. Stark Cty. Bd. of Revision* (1986), 23 Ohio St.3d 59, 61, 23 OBR 192, 193, 491 N.E.2d 680, 681, we stated that "[a]lthough the sale price is the 'best evidence' of true value of real property for tax purposes it is not the only evidence." Therefore, once the Columbus Board of Education introduced into evidence a copy of the deed and conveyance fee statement, which listed the five parcels being transferred for

$1,575,000, the burden to prove a lesser value shifted to Nestle. *Springfield Local Bd. of Edn. v. Summit Cty. Bd. of Revision* (1994), 68 Ohio St.3d 493, 628 N.E.2d 1265. The BTA must then independently weigh the evidence which the parties have introduced. The result of the BTA's review of the evidence, like that of a common pleas court, is a determination of the "taxable value of the property." R.C. 5717.03 and 5717.05.

{¶ 17} In this case the BTA yielded its independent role to the BOR. For instance, the BTA stated that, "although again the proof is not conclusive * * * [it] was apparently sufficient to convince the Board of Revision * * *." In *Amsdell v. Cuyahoga Cty. Bd. of Revision* (1994), 69 Ohio St.3d 572, 574, 635 N.E.2d 11, 13, we stated, "While a determination of the true value of real property by a board of revision is entitled to consideration by the BTA, such determination is not presumptively valid." One reason for the lack of any presumption of validity was set forth in *Alliance Towers, Ltd. v. Stark Cty. Bd. of Revision* (1988), 37 Ohio St.3d 16, 25, 523 N.E.2d 826, 834, wherein we stated that "[w]hile the decision of the board of revision should not be colored with partiality, the General Assembly recognized the possible conflict inherent in the roles of the board members as officials who conduct the affairs of the county, and provided for an appeal to the BTA or the court of common pleas."

{¶ 18} As a result of the BTA's presumption of validity, its decision was internally inconsistent. See *Ridgeview Ctr., Inc. v. Lorain Cty. Bd. of Revision* (1989), 42 Ohio St.3d 30, 536 N.E.2d 1157. The result reached by the BTA does not match its findings of fact as set forth in the decision. For instance, in the course of its decision, the BTA stated that "[t]he Statutory Transcripts in the two cases contain very convincing proof that only five parcels were actually transferred on February 4, 1991, and they are the five parcels appellant seeks to revalue upward via its complaints." Further into its decision the BTA stated that "[q]uite clearly the deed did not transfer parcel no. 010-133737 as Nestle appeared to contend at

the Board of Revision hearing, but instead involved only the five parcels contested by Appellant."

{¶ 19} The Columbus Board of Education also contends that the BTA relied on hearsay and testimony in documents not in evidence. After the BTA hearing, Nestle submitted a copy of a resolution and quitclaim deed by the Franklin County Commissioners. Because these documents were not part of the original record from the BOR and were submitted after the BTA hearing, they must be disregarded by the BTA. The rest of the evidence is to be weighed independently by the BTA. See *Orange City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1996), 74 Ohio St.3d 415, 659N.E.2d 1223.

{¶ 20} The BTA's failure to find true value based upon its own independent analysis of the evidence was unreasonable and unlawful. The decision of the BTA is reversed, and the cause is remanded, to it. On remand the BTA is to independently weigh the evidence and state the reasons for its decision. See *Howard v. Cuyahoga Cty. Bd. of Revision* (1988), 37 Ohio St.3d 195, 524 N.E.2d 887.

*Decision reversed*

*and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., not participating.

_____