Pfeifer, J.,
concurring in part and dissenting in part.
{¶ 33} In Colonial Village Ltd. v. Washington Cty. Bd. of Revision, 114 Ohio St.3d 493, 2007-Ohio-4641, 873 N.E.2d 298 (“Colonial Village I”), at ¶23, we stated, “The BTA must ‘ “independently weigh and evaluate all evidence properly before it” ’ in order to ‘ “make an independent determination concerning the valuation of the property at issue,” ’ ” quoting Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision (1996), 76 Ohio St.3d 13, 16, 665 N.E.2d 1098, quoting Black v. Cuyahoga Cty. Bd. of Revision (1985), 16 Ohio St.3d 11, 13, 16 OBR 363, 475 N.E.2d 1264. In this case, the Board of Tax Appeals reviewed all the evidence before it, including testimony of the qualified appraisers used by both parties. Based on that review, the BTA concluded that neither the appraisal offered by Colonial Village nor the appraisal offered by the BOR accurately reflected the *278 value of the various parcels for the various tax years. Accordingly, the BTA made specific reasonable adjustments to the appraisals, including adjusting expense ratios, vacancy rates, and credit-loss rates to reflect market averages, and arrived at its own valuation. As in Colonial Village I, “[t]he record contains ample information for the BTA to ‘determine the taxable value of the property,’ ” and I would defer to the conclusions reached by the BTA. Id. at ¶ 24, quoting R.C. 5717.03.
Karen H. Bauernschmidt Co., L.P.A., and Karen H. Bauernschmidt, for appellants and cross-appellees.
James R. Gorry, for appellees and cross-appellants.
{¶ 34} Furthermore, the majority opinion states that the county’s valuation is presumptively valid. I would not go that far. In many instances, including here, the county auditor does nothing more than make a percentage adjustment to the property record card. In many instances, including here, that property record card has a valuation that was not the result of an appraisal by a qualified appraiser. When the county auditor has not conducted a reasonable appraisal, its valuation should not be entitled to deference.
{¶ 35} Because the BTA properly applied the relevant case law, including Colonial Village I, it did not commit error in independently valuing the properties, and I would affirm the decisions of the BTA in all four cases before us.
Lanzinger, J., concurs in the foregoing opinion.