French, J.,
concurring in part and dissenting in part.
{¶ 52} I join the separate opinion of Chief Justice O’Connor concurring in part and dissenting in part. I also write to address additional concerns I have with the majority opinion.
{¶ 53} I agree with the majority that the Dublin City Schools Board of Education failed to meet its burden of proof before the Board of Tax Appeals (“BTA”). I also agree that the BTA erred when it adopted the auditor’s valuation. I respectfully disagree, however, with the majority’s analysis as to why the board of education failed to meet its burden of proof. The majority opinion implies that an auditor’s appraisal can never, by itself, constitute probative evidence of value. Because this holding contradicts our case law, I cannot endorse it.
{¶ 54} I also respectfully dissent from the majority’s decision to adopt East Bank’s valuation of the property, rather than remand this case to the BTA for an independent determination of value. The majority accepts East Bank’s valuation without reason or analysis, and our case law requires a remand.
Analysis

Burdens of Proof

{¶ 55} In this case, the board of education sought retention of the auditor’s property valuation. This valuation was based on the auditor’s separate appraisals for the condominium units. Al 21 appraisals were in the record before the BTA. When the board of education appealed to the BTA, however, it produced no additional evidence supporting the auditor’s appraisals. Based solely on the fact that the board of education produced no new evidence, the majority concludes that the board of education failed to meet its burden of proof before the BTA.
{¶ 56} The majority’s conclusion assumes, incorrectly, that a BTA appellant seeking retention of an auditor’s valuation must necessarily support the auditor’s valuation with additional proof. This assumption contradicts our precedent. A party need not, as a matter of course in every case, confirm an auditor’s appraisal *208 with further evidence in order to meet its burden of proof. Colonial Village, Ltd. v. Washington Cty. Bd. of Revision, 123 Ohio St.3d 268, 2009-Ohio-4975, 915 N.E.2d 1196 (“Colonial Village II”), ¶ 30-31 (“we reiterate that the county does not have the affirmative burden to establish as a general matter the accuracy of any appraisals that underlie its valuation of the property” [emphasis sic]); Vandaliar-Butler City Schools Bd. of Edn. v. Montgomery Cty. Bd. of Revision, 130 Ohio St.3d 291, 2011-Ohio-5078, 958 N.E.2d 131, ¶ 24, fn. 3; Simmons v. Cuyahoga Cty. Bd. of Revision, 81 Ohio St.3d 47, 49, 689 N.E.2d 22 (1998). To the contrary, an auditor’s appraisal can stand alone as probative evidence of value. FirstCal Indus. 2 Acquisitions, L.L.C. v. Franklin Cty. Bd. of Revision, 125 Ohio St.3d 485, 2010-Ohio-1921, 929 N.E.2d 426, ¶ 31 (“the auditor’s initial determination of value for a given tax year possesses an increment of prima-facie probative force”).
{¶ 57} We unanimously endorsed this principle in Vandalia-Butler. There, we explained that an appellant need not always affirmatively prove the accuracy of an auditor’s valuation to the BTA; the appellant’s burden may be merely to show that the board of revision erred. Id. at ¶ 24, fn. 3. Vandalia-Butler dealt with a nearly identical set of facts: a local school board sought retention of the auditor’s valuation, lost at the board of revision, appealed to the BTA, and produced no new supporting evidence to the BTA. Id. at ¶ 3, 8-9. On appeal to this court, the county-appellee advanced the same argument the majority accepts now — that the school board failed to meet its burden of proof at the BTA because it did not put forth any additional support for the auditor’s valuation. Id. at ¶ 24, fn. 3. We dismissed this argument, stating:
[We] reject the county’s contention that the school board had the burden to prove the validity of the auditor’s valuation at the BTA. While it is true that the party that appeals to the BTA in a valuation case typically does bear the burden of showing a different value, * * * the school board’s appeal in this case rested upon a claim of legal error. In prosecuting such a claim, the appellant’s burden is to show the presence of reversible error, and proof of a new value may not be necessary when the appeal seeks a return to the auditor’s valuation.
(Citation omitted.) Id. Our precedent is clear. A party need not always offer additional support for an auditor’s appraisal.[3] The appraisal can, by itself, constitute probative evidence of value.[4]
*209 {¶ 58} There are, of course, exceptions to this rule. See, e.g., Dayton-Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision, 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22, ¶ 24. This case presents one such exception: an auditor’s valuation cannot stand alone when the record affirmatively negates the validity of the auditor’s appraisal. Id. at ¶ 27; Colonial Village II, 123 Ohio St.3d 268, 2009-Ohio-4975, 915 N.E.2d 1196, at ¶ 24. In that scenario, a party must produce proof beyond the auditor’s appraisal. Dayton-Montgomery at ¶ 27, 30. Here, we need not even consider East Bank’s evidence to determine that the auditor’s appraisal is invalid. The appraisal is deficient on its face. Specifically, the property-record cards do not indicate whether the auditor applied the percentage-of-completion discounts required by Ohio Adm.Code 5703-25-06(G). Because of this deficiency, the board of education had to produce additional support for the auditor’s valuation. It did not, thereby failing to meet its burden of proof.
{¶ 59} I therefore concur with the majority in two respects: (1) the board of education had to produce additional support for the auditor’s appraisal and (2) because the board of education did not produce this support, it did not meet its burden of proof. I cannot, however, join the majority’s analysis as to why the board of education had to produce more evidence. The majority opinion suggests that a party must always produce additional support for an auditor’s appraisal. This approach contradicts our precedent. I would hold that the board of education had to produce more evidence in this case only because the auditor’s appraisal was deficient on its face.

Remand Is the Proper Remedy

{¶ 60} Because the auditor’s appraisal was deficient on its face and the board of education presented no evidence to cure the deficiency, the BTA erred in adopting the auditor’s valuation. Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision, 90 Ohio St.3d 564, 567, 740 N.E.2d 276 (2001) (the BTA cannot adopt a value that is unsupported by the record); Dayton-Montgomery at ¶ 27 (“when the evidence * * * contradicts the auditor’s determination in whole or in part, and when no evidence has been adduced to support the auditor’s *210 valuation, the BTA may not simply revert to the auditor’s determination”). Instead, the BTA should have conducted its own analysis of the evidence and independently determined the taxable value of the property. Vandaliar-Butler, 130 Ohio St.3d 291, 2011-Ohio-5078, 958 N.E.2d 131, at ¶ 26 (“When there is sufficient evidence to permit the BTA to perform an independent valuation * * * the BTA must do so”); Colonial Village, Ltd. v. Washington Cty. Bd. of Revision, 114 Ohio St.3d 493, 2007-Ohio-4641, 873 N.E.2d 298 (“Colonial Village I”), ¶ 23-25. As the majority points out, at ¶ 23 of the opinion, the record appears to contain enough evidence for the BTA to independently determine value. And as the chief justice notes in her separate opinion at ¶ 50, the BTA may always order the presentation of additional evidence if necessary. R.C. 5717.01; Columbus City School Dist. at 567 (remanding to the BTA for an independent determination of value and noting that under R.C. 5717.01, the BTA “ ‘may order the hearing of additional evidence, and may make such investigation concerning the appeal as it deems proper’ ”).
{¶ 61} The appropriate remedy for the BTA’s failure to conduct an independent valuation is, not surprisingly, a remand for the BTA to conduct an independent valuation. Colonial Village I at ¶ 1 (ordering remand for the BTA to conduct an independent valuation of the property after the BTA had unlawfully upheld the auditor’s valuation); Vandaliar-Butler at ¶ 27 (remanding because the BTA did not conduct an independent analysis of value); Dayton-Montgomery, 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22, at ¶ 28 (remanding for the BTA to independently determine value). Instead of ordering this remand, though, the majority summarily resolves this case by adopting the same valuation the board of revision adopted — East Bank’s $3,100,000 appraisal. But the majority opinion offers no explanation as to why East Bank’s valuation is correct or as to how the majority arrived at this conclusion.
{¶ 62} The majority could not have accepted East Bank’s valuation simply out of deference to the board of revision. Decisions of boards of revision “lack * * * any presumption of validity.” Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision, 76 Ohio St.3d 13, 16, 665 N.E.2d 1098 (1996); see also Dayton-Montgomery at ¶ 24. This court would commit serious error if it accepted East Bank’s evidence “on the grounds that the board of revision was persuaded” by that evidence. Vandaliar-Butler at ¶ 14. Doing so would constitute “the very deference that the case law prohibits.” Id.
{¶ 63} East Bank asserts that automatic deference to the board of revision is appropriate here because the board of education did not meet its burden of proof at the BTA. This argument is unpersuasive. The mere fact that the board of education failed to prove the legitimacy of its preferred value tells us only that the board of education’s value loses. It does not tell us that the board of *211 revision’s value wins. In every ease, the BTA must conduct a de novo review of the evidence and independently determine the taxable value of the property. Columbus Bd. of Edn. at 15; Vandalicir-Butler, 130 Ohio St.3d 291, 2011-Ohio-5078, 958 N.E.2d 131, at ¶ 13-14,19.
{¶ 64} Although the board of revision is not entitled to automatic deference, this court could still adopt the board of revision’s valuation if the court independently found that the record supports the board of revision’s decision. VandaliaButler at ¶ 21 (the board of revision’s value may be adopted “if and only if” the evidence is independently found to support the board of education’s value [emphasis sic]); Bedford Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision, 115 Ohio St.3d 449, 2007-Ohio-5237, 875 N.E.2d 913, ¶ 15. But the majority does not make any such finding. To the contrary, it openly declines to consider whether East Bank’s appraisal methods were appropriate. Majority opinion at ¶ 27, fn. 1. The end result is puzzling: the majority refuses to analyze whether East Bank’s appraisal was valid, but then — without explanation — accepts the appraisal as valid.
{¶ 65} Ultimately, the majority could not adopt East Bank’s valuation based on deference to the board of revision, and it did not adopt East Bank’s valuation based on its own analysis of the evidence. Furthermore, I agree with the chief justice that if the majority had reviewed the evidence, it would find that East Bank’s appraisal method was not valid. Accordingly, our precedent compels a remand to the BTA.
Conclusion
{¶ 66} I concur in the majority’s holding that the board of education had to support the auditor’s valuation with additional evidence. I also agree that because the board of education did not produce more evidence, it did not meet its burden of proof. I respectfully dissent from the majority opinion to the extent that it holds that the board of education was required to produce more evidence as a general rule. The additional support is required in this case only because the auditor’s appraisal was deficient on its face. I also respectfully dissent from the majority’s adoption of East Bank’s valuation. There is no basis for adopting East Bank’s valuation, and the majority offers none. We should vacate the BTA’s decision and remand for the BTA to conduct an independent determination of value.
O’Connor, C.J., and Lanzinger, J., concur in the foregoing opinion.

. During oral argument, East Bank’s counsel conceded that an auditor’s appraisal can be valid on its face, without supporting evidence.

. I also stress that an auditor’s appraisal does not lose probative value merely because a board of revision rejects it. A board of revision’s decision “laek[s] * * any presumption of validity.” Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision, 76 Ohio St.3d 13, 16, 665 N.E.2d 1098 (1996). The decision does not, therefore, set a baseline that the parties start from once they reach the BTA. Nor does it impose a handicap that the BTA appellant must overcome with new evidence. The BTA reviews cases de novo, without giving any deference to what the board of revision decided. Id. at 15; Vandalia-Butler, 130 Ohio St.3d 291, 2011-Ohio-5078, 958 N.E.2d 131, at ¶ 13-14, 19.