FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAMES MILLS,

      *Plaintiff-Appellant*,

v.

CITY OF COVINA, a California
municipal corporation; KIM RANEY,
in his official capacity as the Chief
of the City of Covina Police
Department; TERRANCE HANOU,
Officer; DOES, 1–100,

      *Defendants-Appellees.*

No. 17-56343

D.C. No.
2:16-cv-07127-
DOC-RAO

OPINION

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted March 8, 2019
Pasadena, California

Filed April 24, 2019

Before: Andrew J. Kleinfeld, Jacqueline H. Nguyen,
and Ryan D. Nelson, Circuit Judges.

Opinion by Judge R. Nelson

# SUMMARY[*]

## Civil Rights

The panel affirmed the district court's dismissal of plaintiff's Fourth Amendment claims as time-barred and affirmed a judgment on the pleadings in favor of defendants in an action brought pursuant to 42 U.S.C. § 1983 alleging that plaintiff was stopped and searched by police officers without probable cause, falsely arrested, and maliciously prosecuted.

Plaintiff brought suit under § 1983 after a California Court of Appeal overturned his convictions for possession of a controlled substance and a smoking device on the grounds that the Superior Court erred by denying plaintiff's suppression motion.

The panel held that plaintiff's claims for unlawful stop and detention, false arrest and false imprisonment were time-barred because *Heck v. Humphrey*, 512 U.S. 477 (1994) did not legally prevent plaintiff from commencing those claims during his criminal appeal and thus tolling under California Code of Civil Procedure § 356 was not triggered. The panel noted that plaintiff's Fourth Amendment claims accrued at the time he was searched and arrested and that under California law, the statute of limitations was tolled during the criminal proceedings in Superior Court, but not during the criminal appeal. The panel held that where, as in this case, a § 1983 claim accrues pre-conviction, the *possibility* that *Heck* may require dismissal of that "not-yet-filed, and

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

thus utterly indeterminate, § 1983 claim," is not sufficient to trigger tolling under California Code of Civil Procedure § 356.

Addressing the malicious prosecution and *Monell* liability claims, the panel found that collateral estoppel did not apply because a conviction or judgment that has been reversed on appeal and vacated lacks preclusive effect and cannot serve as collateral estoppel in a later proceeding. The panel nevertheless affirmed the district court's dismissal of the claims on the alternative ground that the reversal of plaintiff's conviction on basis of the exclusionary rule was not a favorable termination, for purposes of a malicious prosecution claim, because the reversal did not address plaintiff's guilt or innocence.

## COUNSEL

Joseph M. Adams (argued), Adams & Pham APC, Costa Mesa, California; Thomas H. Schelly and Kevin A. Lipeles, Lipeles Law Group APC, El Segundo, California; for Plaintiff-Appellant.

Trisha E. Newman (argued), Tony M. Sain (argued), and Andrea K. Kornblau, Manning & Kass Ellrod Ramirez Trester LLP, Los Angeles, California, for Defendants-Appellees.

## OPINION

R. NELSON, Circuit Judge:

We consider whether the statute of limitations for a criminal defendant's 42 U.S.C. § 1983 action is tolled under California Code of Civil Procedure § 356 during the pendency of an appeal from a conviction, in light of the Supreme Court's rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). The district court held that § 356 does not toll Appellant James Mills's § 1983 claims and thus, all but two of Mills's claims are time-barred. Because *Heck* did not legally prevent Mills from filing his § 1983 claims during his criminal appeal, we agree with the district court. We also find Mills's remaining claims were properly dismissed, not because those claims are barred by collateral estoppel, but because reversal of Mills's conviction was not a favorable termination. We therefore affirm.

## I

On April 14, 2013, Covina Police Department Officer Terrance Hanou pulled Mills over for a traffic stop after seeing Mills exit a hotel and drive to another hotel. Hanou claimed he pulled Mills over because his vehicle registration was expired. Mills alleges Hanou noticed Mills "for no reason other than his physical appearance—large framed, bald headed, Caucasian," and that when Hanou checked Mills's vehicle license, the database showed the registration was current.

Hanou acknowledged Mills's registration was valid but asked to search Mills's car. Mills refused. Hanou then made two calls to his supervisor and asked Mills if there were any weapons in the vehicle. Mills informed Hanou of an unloaded shotgun in the cargo compartment.

Hanou requested that Mills exit the vehicle and Mills complied.  Hanou immediately handcuffed Mills, conducted a pat down search, and found $10,000 cash on Mills's person.  Hanou then searched Mills's vehicle and found the shotgun and an additional $7,000 cash.  After the search, Hanou arrested Mills claiming he found illegal drugs and "a smoking device" in Mills's vehicle.

Prior to Mills's criminal trial, Mills moved to suppress evidence of the alleged drugs, arguing Hanou's search violated his Fourth Amendment rights.  The California Superior Court denied the motion.  At trial, Hanou testified he found drugs during the search.  Mills testified "there were no drugs in his vehicle," "there was evidence that the drugs were planted," and Mills's counsel closed by stating, "Mr. Mills did not have drugs in his car.  Those drugs were planted, and he's not guilty."  On June 6, 2014, Mills was convicted of one count of possession of a controlled substance (methamphetamine) and one count of possession of a smoking device and was sentenced to eighteen months' probation.

On March 3, 2016, the California Court of Appeal overturned Mills's conviction.  The Court of Appeal held, in an unpublished opinion, that Hanou violated Mills's Fourth Amendment rights by searching the vehicle without probable cause and therefore, the Superior Court erred by denying Mills's suppression motion.  Because "[t]he methamphetamine Hanou recovered from the center console and the methamphetamine and methamphetamine pipe he recovered from the luggage formed the evidentiary basis for [Mills's] convictions in th[e] case," the Court of Appeal held that further proceedings below would be an "idle gesture," and remanded for dismissal.

On September 22, 2016, Mills filed this suit against the City of Covina, Covina Police Chief Kim Raney, and Hanou, alleging, under 42 U.S.C. § 1983, claims for: (1) unlawful stop and detention, (2) false arrest, (3) false imprisonment, (4) malicious prosecution, (5) failure to screen and hire properly, (6) failure to train properly, (7) failure to supervise and discipline, and (8) *Monell* municipal liability against the City of Covina.  The district court dismissed all but Mills's § 1983 claim for malicious prosecution and the related *Monell* claim as time-barred.  The district court held that *Heck* "did not bar [Mills] from filing his claims while he was subject to a criminal prosecution," and thus, California Code of Civil Procedure § 356 did not toll his claims during the pendency of his criminal appeal.

Mills filed two amended complaints against only the City of Covina and Hanou (collectively "Appellees") alleging, under § 1983, claims for: (1) malicious prosecution and (2) *Monell* municipal liability.  On August 4, 2017, Appellees moved for judgment on the pleadings, arguing that Mills's amended claims were barred by collateral estoppel or, in the alternative, that Mills failed to establish a favorable termination of his criminal proceedings.  The district court held that collateral estoppel barred Mills from relitigating the issue of whether he possessed drugs, and thus, probable cause was conclusively established.  The district court did not reach Appellees' favorable termination argument.  Mills now appeals.

## II

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's dismissal based on the statute of limitations.  *Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1005 (9th Cir. 2011).  We also review de novo the district court's judgment on the pleadings based on

collateral estoppel.  *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992).

III

A

We begin by determining whether Mills's § 1983 claims for unlawful stop and detention, false arrest, false imprisonment, failure to screen and hire properly, failure to train properly, and failure to supervise and discipline are time-barred.  The parties and the district court agree that those claims accrued on April 14, 2013, when the search was conducted and Mills was arrested.  That is correct.  "[T]he accrual date of a § 1983 cause of action is a question of federal law . . . ."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  "[A]ccrual occurs when the plaintiff has a complete and present cause of action, . . . that is, when the plaintiff can file suit and obtain relief."  *Id.* (internal citations, quotation marks and brackets omitted).[1]  Mills had complete and

---

[1] Prior to *Wallace*, the rule in this circuit was that a § 1983 action like this one "alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned."  *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000).  District courts have expressed confusion over whether this deferred accrual rule survived the Supreme Court's decision in *Wallace*.  *See, e.g.*, *Choma v. Arnold*, No. CV 11-5906, 2012 WL 1340387, at *3 (C.D. Cal. Mar. 19, 2012) ("The Ninth Circuit has not yet addressed explicitly whether *Harvey*'s accrual rule has survived the Supreme Court's decision in *Wallace* . . . ."); *Hawkins v. Suisun City Police Dep't*, No. 2:08cv0529, 2008 WL 3974388, at *1 (E.D. Cal. Aug. 22, 2008) (relying on *Harvey*'s proposition that "*Heck* has been interpreted to apply to pending charges"); *Kamar v. Krolczyk*, No. 1:07-CV-0340, 2008 WL 2880414, at *6 (E.D. Cal. July 22, 2008) (finding *Wallace* "has effectively overruled *Harvey*").  The deferred accrual rule we announced in *Harvey*

present causes of action for all but his malicious prosecution and *Monell* liability claims when he was subjected to a search in violation of the Fourth Amendment and was arrested; therefore, those claims accrued at that time.

Next, to determine whether the statute of limitations ran on Mills's claims, we "apply [California's] statute of limitations for personal injury actions, along with [California's] law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (internal quotation marks omitted). California's two-year statute of limitations for personal injury actions thus applies to Mills's claims. *See* Cal. Civ. Proc. Code § 335.1; *Canatella*, 486 F.3d at 1132–33.

Mills filed his claims on September 22, 2016, roughly three years and five months after the search and arrest. His claims would therefore be time-barred absent tolling. The parties agree that California Government Code § 945.3 tolled the statute of limitations during Mills's criminal proceedings in the Superior Court, but not during his criminal appeal. The parties also agree that, but for

---

for Fourth Amendment claims was based on our more general holding "that *Heck* applies to pending criminal charges, and that a claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist." *Harvey*, 210 F.3d. at 1014. That general holding is "clearly irreconcilable" with *Wallace*'s holding that "the *Heck* rule for deferred accrual is called into play only when there exists a conviction or sentence that has *not* been . . . invalidated." 549 U.S. at 393 (internal quotation marks omitted). Thus, *Harvey's* deferred accrual rule has been "effectively overruled" and is no longer good law. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

additional tolling, the statute of limitations elapsed during Mills's criminal appeal. Mills, however, argues that California Code of Civil Procedure § 356 tolled the statute of limitations during the pendency of his criminal appeal because he was legally prevented from bringing those claims during that period by the Supreme Court's decision in *Heck*. We disagree.

Under § 356, "[w]hen the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action." As Appellees argue, a judicially created bar to commencing an action appears to fall outside § 356 based on its plain language. The California Supreme Court, however, has explained that § 356 "has been applied in situations where the action is legally prohibited by other means than injunctions or statutory prohibition." *Hoover v. Galbraith*, 7 Cal. 3d 519, 526 (1972) (collecting cases). Indeed, while the California Supreme Court has not specifically addressed the impact of a judicially created bar on § 356, it has held "that the running of the statute of limitations is suspended during any period in which the plaintiff is legally prevented from taking action to protect his rights." *Dillon v. Bd. of Pension Comm'rs of City of Los Angeles*, 18 Cal. 2d 427, 431 (1941); *see also Hoover*, 7 Cal. 3d at 526 (confirming that "[t]he limitation period has been tolled during the period in which a plaintiff is legally prevented from taking action to protect his rights"). We are bound by this interpretation. *See Lewis v. Tel. Emps. Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996) ("When interpreting state law, federal courts are bound by decisions of the state's highest court.") (internal quotation marks omitted).

Notably, however, in *Hoover* and each case it discussed, a *definitive* bar to commencing an action was required to trigger tolling under § 356, regardless whether the prohibition was by statute, injunction, or otherwise. *See Hoover*, 7 Cal. 3d at 526 (plaintiff precluded by statute from commencing action against directors of corporation until appeal from judgment on his claim against debtor corporation became final); *Dillon*, 18 Cal. 2d at 430–31 (plaintiff precluded by city charter from commencing action until decision from pension board became final); *Skaggs v. City of Los Angeles*, 43 Cal. 2d 497, 500 (1954) (same). Because we hold the *Heck* bar did not operate as such a definitive bar to the commencement of Mills's action, we need not decide whether a judicially created bar can trigger tolling under § 356.

In *Heck*, the Supreme Court announced that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [set aside]. A claim for damages bearing that relationship to a conviction or sentence . . . is not cognizable under § 1983." 512 U.S. at 486–87 (internal citations omitted).

In *Wallace*, the Supreme Court recognized a "complication" in applying the *Heck* bar to claims like Mills's that "arises from the fact that § 1983 actions, unlike the tort of malicious prosecution which *Heck* took as its model . . . sometimes accrue before the setting aside of— indeed, even before the existence of—the related criminal conviction." 549 U.S. at 394 (internal citation omitted). As the Court explained, application of *Heck* to such claims "raises the question whether, assuming that the *Heck* bar

takes effect when the later conviction is obtained, the statute of limitations on the once valid cause of action is tolled as long as the *Heck* bar subsists." *Id.* There, like here, "[i]f petitioner's conviction . . . caused the statute of limitations on his (possibly) impugning but yet-to-be-filed cause of action to be tolled until that conviction was set aside, his filing [] would have been timely." *Id.*

Finding no basis for tolling under Illinois state law, the Court declined to adopt a federal equitable tolling rule in such circumstances. *Id.* The Court reasoned:

> Under such a regime, it would not be known whether tolling is appropriate by reason of the *Heck* bar until it is established that the newly entered conviction would be impugned by the not-yet-filed, and thus utterly indeterminate, § 1983 claim. It would hardly be desirable to place the question of tolling *vel non* in this jurisprudential limbo, leaving it to be determined by those later events, and then pronouncing it retroactively.

*Id.* at 394–95 (internal footnote omitted).

For these same reasons, we find that where, as here, a § 1983 claim accrues pre-conviction, the *possibility* that *Heck* may require dismissal of that "not-yet-filed, and thus utterly indeterminate, § 1983 claim," is not sufficient to trigger tolling under California Code of Civil Procedure § 356. In such circumstances, it is not known whether the claim is barred by *Heck* until the claim is filed and the district court determines that it will impugn an extant conviction. Until that determination is made, a plaintiff is not "legally prevented from taking action to protect his rights." *Hoover*, 7 Cal. 3d at 526.

Mills nevertheless implores us to adopt a rule allowing California plaintiffs to wait until the resolution of their criminal appeals to file their § 1983 claims, leaving district courts to retroactively pronounce the applicability of the *Heck* bar and, in turn, tolling under § 356. As discussed above, however, the Supreme Court rejected the petitioner's invitation to adopt a similar rule in *Wallace* in part because "[d]efendants need to be on notice to preserve beyond the normal limitations period evidence that will be needed for their defense; and a statute that becomes retroactively extended, by the action of the plaintiff in crafting a conviction-impugning cause of action, is hardly a statute of repose." 549 U.S. at 395. We likewise decline to adopt such a rule.

Ultimately, nothing prevented Mills from commencing his suit during his criminal appeal. Had he done so, the district court could have determined whether his claims impugned his conviction. If so, the district court could have dismissed those claims without prejudice, and Mills could have refiled the claims once his conviction was reversed. *See id.* at 395 n.4 ("If under those circumstances he were not allowed to refile his suit, *Heck* would produce immunity from § 1983 liability, a result surely not intended."). If Mills's claims did not impugn his conviction, the suit could have proceeded. Because Mills was not legally precluded from commencing his § 1983 claims during the pendency of his criminal appeal, he was not "legally prevented from taking action to protect his rights" and tolling under § 356 was not triggered. *See Hoover*, 7 Cal. 3d at 526. We therefore affirm the district court's holding that all but Mills's claims for malicious prosecution and *Monell* liability are time-barred.

## B

### 1

We next consider whether the district court properly dismissed Mills's § 1983 malicious prosecution claim under the doctrine of collateral estoppel. Federal courts rely on state common law for elements of malicious prosecution. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). California law requires a plaintiff claiming malicious prosecution to establish "that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice." *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 871 (1989) (internal quotation marks omitted). Additionally, to maintain a § 1983 action for malicious prosecution, "a plaintiff 'must show that the defendants prosecuted [him] . . . for the purpose of denying [him] equal protection or another specific constitutional right.'" *Awabdy*, 368 F.3d at 1066 (quoting *Freeman v. City of Santa Ana,* 68 F.3d 1180, 1189 (9th Cir. 1995)).

State law also governs the application of collateral estoppel to a state court judgment in a federal civil rights action. *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990). Under California law, collateral estoppel bars the relitigation of an issue in a subsequent proceeding when certain threshold requirements are fulfilled:

> [1] the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding[; 2] this issue must have been actually litigated in the former proceeding[; 3] it must have been necessarily decided in the former proceeding[; 4] the

decision in the former proceeding must be final and on the merits[; 5] the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Gikas v. Zolin*, 6 Cal. 4th 841, 849 (1993).

In holding collateral estoppel applied, the district court reasoned that "[w]hether Hanou actually discovered drugs and thus had probable cause to arrest [Mills], as opposed to planting or fabricating the drugs, appear[ed] to be identical to an issue already decided in the prior criminal proceeding." That was because "[t]he jury necessarily had to determine whether [Mills] actually possessed drugs in order to convict him of possession of a controlled substance in violation of California Health & Safety Code § 11377(a)." In the district court's view, "that factual finding ha[d] not been overturned" by the Court of Appeal because Mills sought reversal of his conviction only on Fourth Amendment grounds and because "[t]he Court of Appeal's analysis assume[d] that [Hanou] did find methamphetamine in [Mills's] vehicle."

Mills argues he is not collaterally estopped from litigating the issue of probable cause here because his reversed conviction was not final. We agree. Under California law, "[f]or purposes of issue preclusion, final judgment includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *People v. Cooper*, 149 Cal. App. 4th 500, 520 (2007) (quoting *Border Bus. Park, Inc. v. City of San Diego*, 142 Cal. App. 4th 1538, 1564 (2006)) (internal quotation marks omitted). "A final judgment is defined as one that is free from direct attack. Stated

differently, [t]o be final for purposes of collateral estoppel the decision need only be immune, as a practical matter, to reversal or amendment." *Id.* (internal quotation marks omitted). It follows from this that a conviction or judgment that has been reversed on appeal and vacated cannot serve as collateral estoppel in a later proceeding.[2] Accordingly, Mills's reversed conviction and the factual determinations underlying that conviction lack conclusive effect here.

That Mills challenged his conviction on Fourth Amendment grounds rather than attacking the jury's underlying factual determinations does not change this result. As the Sixth Circuit explained considering nearly identical facts: where a criminal defendant successfully appealed his conviction on constitutional grounds, "he was not acquiescing in adverse factual determinations made at his trial." *Dodrill v. Ludt*, 764 F.2d 442, 444 (6th Cir. 1985). Thus, "[w]hen he won his appeal and the judgment was vacated, all such factual determinations were vacated with it, and their preclusive effect surrendered." *Id.* at 444–45.

Nor does the Court of Appeal's reference to Mills possessing methamphetamine change the fact that the jury's underlying factual determinations to that effect were vacated with Mills's conviction. The Court of Appeal had no occasion to reassess the jury's underlying findings of fact. Instead, the Court of Appeal was tasked with determining whether violation of Mills's Fourth Amendment rights warranted overturning his conviction. The Court of Appeal concluded that it did and reversed. That "reversal . . .

---

[2] This is also the federal rule. *See, e.g.*, *Ornellas v. Oakley*, 618 F.2d 1351, 1356 (9th Cir. 1980) ("A reversed or dismissed judgment cannot serve as the basis for a disposition on the ground of res judicata or collateral estoppel.").

vacate[d] the judgment entirely, technically leaving nothing to which we may accord preclusive effect." *Dodrill*, 764 F.2d at 444.

Finally, Appellees' reliance on the California common law rule, that probable cause in a malicious prosecution action may be conclusively established by a conviction or judgment despite reversal, does not support their collateral estoppel argument. As the California Supreme Court has made clear, that common law rule, sometimes referred to as the "interim adverse judgment rule," is not part of the doctrine of collateral estoppel as it "does not operate, like collateral estoppel, to preclude relitigation of an issue of fact." *Wilson v. Parker, Covert & Chidester*, 28 Cal. 4th 811, 825 (2002); *see also L.G. v. M.B.*, 25 Cal. App. 5th 211, 230 n.15 (2018) ("Our Supreme Court has explained that the interim adverse judgment rule is not part of the doctrine of res judicata or any of its branches, but is derived from the definition of probable cause.") (internal quotation marks omitted). Because the district court did not make any findings as to the applicability of the interim adverse judgment rule, and because we affirm the district court's dismissal on alternative grounds, we do not decide whether the interim adverse judgment rule applies here. It is enough to find that collateral estoppel does not bar Mills from pursuing his malicious prosecution claim.

**2**

Appellees argue that we can affirm the district court's dismissal of Mills's malicious prosecution claim on the alternative ground that Mills's reversed conviction did not constitute a legal termination in Mills's favor. We agree.

Under California law, the favorable termination element of a malicious prosecution claim "requires a termination

reflecting the merits of the action and plaintiff's innocence of the misconduct." *Pattiz v. Minye*, 61 Cal. App. 4th 822, 827 (1998). "If . . . the dismissal is on technical grounds, for procedural reasons, or for any other reason not inconsistent with his guilt, it does not constitute a favorable termination." *Jaffe v. Stone*, 18 Cal. 2d 146, 150 (1941). Put differently, "[i]f the resolution of the underlying action leaves some doubt concerning plaintiff's innocence or liability, it is not a favorable termination sufficient to allow a cause of action for malicious prosecution." *Pattiz*, 61 Cal. App. 4th at 827.

The California Court of Appeal reversed Mills's conviction because it held that the government's evidence that Mills possessed drugs should have been excluded on Fourth Amendment grounds. We have never considered whether reversal of a conviction under the exclusionary rule qualifies as a favorable termination. District courts in this circuit have held categorically that it does not. *See, e.g.*, *Willis v. Mullins*, 809 F. Supp. 2d 1227, 1241 (E.D. Cal. 2011) (stating that "a conviction overturned due to the exclusionary rule does not qualify as a favorable termination for the purposes of malicious prosecution"). At least in circumstances such as these, we agree.

The exclusionary rule excludes relevant and probative evidence not because of a person's innocence, but rather to prevent violations of the Fourth Amendment. *See Lego v. Twomey*, 404 U.S. 477, 488–89 (1972). As the Supreme Court has explained, applying the exclusionary rule diverts "from the ultimate question of guilt or innocence that should be the central concern in a criminal proceeding." *Stone v. Powell*, 428 U.S. 465, 490 (1976). Indeed, "the physical evidence sought to be excluded is typically reliable and often the most probative information bearing on the guilt or innocence of the defendant." *Id.*

In reversing Mills's conviction based on the exclusionary rule, the Court of Appeal did not find that Mills actually possessed drugs or that those drugs were planted. The Court of Appeal held only that the drug evidence should have been excluded. Absent more, the Court of Appeal's ruling does not speak to Mills's "innocence of the misconduct." *Pattiz*, 61 Cal. App. 4th at 827. Certainly, the Court of Appeal's decision leaves at minimum "some doubt" as to Mills's innocence. *Id.* That is sufficient under California law to find that there was no favorable termination. *Id.* Accordingly, we affirm the district court's dismissal of Mills's malicious prosecution and *Monell* liability claims on this alternative ground.

## IV

All but Mills's § 1983 malicious prosecution and *Monell* liability claims are time-barred because the *Heck* bar did not legally prevent Mills from commencing those claims during his criminal appeal and thus, tolling under California Code of Civil Procedure § 356 was not triggered. Mills's malicious prosecution and *Monell* actions are also barred, not because of collateral estoppel, but because reversal of Mills's conviction was not a favorable termination. Accordingly, the district court's judgment is

**AFFIRMED.**