**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARTHUR LOPEZ, | No.    18-56452 |
| Plaintiff-Appellant, | D.C. No. 8:17-cv-00488-VBF-MRW |
| v. | |
| NEWPORT BEACH POLICE DEPARTMENT; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted February 4, 2020[**]

Before:     FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Arthur Lopez appeals pro se from the district court's summary judgment and

dismissal order in his 42 U.S.C. § 1983 action alleging malicious prosecution and

false arrest.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Smith v. Almada*, 640 F.3d 931, 936 (9th Cir. 2011) (summary judgment); *Barren*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under § 1915(e)(2)(B)). We affirm.

The district court properly granted summary judgment on Lopez's malicious prosecution and false arrest claims against defendant Vincelet because Lopez failed to raise a genuine dispute of material fact as to whether Vincelet acted with malice, and Lopez failed to overcome the presumption, created by the prosecutor filing a criminal complaint, that Vincelet acted with probable cause. *See Mills v. City of Covina*, 921 F.3d 1161, 1169 (9th Cir. 2019) (describing the elements of a malicious prosecution claim); *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981), *overruled on other grounds by Beck v. City of Upland*, 527 F.3d 853, 865 (9th Cir. 2008) (The filing of a criminal complaint establishes probable cause and "immunizes investigating officers [] from damages suffered thereafter because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time."); *see also Dubner v. City and County. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001).

The district court properly dismissed Lopez's Fourteenth Amendment equal protection claim against Vincelet because Lopez failed to allege facts demonstrating that Vincelet acted with a discriminatory purpose. *See Lacey v. Maricopa County.*, 693 F.3d 896, 920 (9th Cir. 2012) (an equal protection claim

under the Fourteenth Amendment requires that the defendant was motivated by a discriminatory purpose).

The district court properly dismissed Lopez's malicious prosecution claim against defendant Miller because Lopez failed to allege facts sufficient to show that Miller acted with malice. *See Mills*, 921 F.3d at 1169.

The district court properly dismissed Lopez's claims against the Newport Beach Police Department and the City of Newport Beach because Lopez failed to allege facts plausibly demonstrating an unconstitutional policy, practice, or act by an official with policy-making authority. *See Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (setting forth elements of a municipal liability claim under § 1983).

The district court did not abuse its discretion in denying Lopez leave to amend his complaint to add claims under 42 U.S.C. § 1985 because the amendment was futile and allowing its addition would have caused prejudice to defendant Vincelet. *See Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999) (setting forth standard of review and factors for denial of a motion to amend).

The district court did not abuse its discretion in denying Lopez leave to add claims against Police Chief Jay Johnson because Lopez's proposed amended complaint was not accompanied by a motion. *See* E.D. Cal. Civ. R. 15-1.

18-56452

Lopez's motion to take notice of California Penal Code § 166 and another one of his cases in this Court, 18-55520, is granted.  All other pending motions are denied.

**AFFIRMED.**