NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 7 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIK KESSACK, a single man, | No. 21-35631 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00423-TOR |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, a subsidiary of the State of Washington; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

| | |
|---|---|
| ERIK KESSACK, a single man, | No. 21-35685 |
| Plaintiff-Appellee, | D.C. No. 2:19-cv-00423-TOR |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, a subsidiary of the State of Washington; et al., | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted May 17, 2022

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Seattle, Washington

Before: WARDLAW, GOULD, and BENNETT, Circuit Judges.

Erik Kessack sued Defendants (the State of Washington, the Washington State Department of Corrections, and a community corrections officer), asserting 42 U.S.C. § 1983 claims based on false imprisonment, malicious prosecution, and retaliation in violation of Kessack's First Amendment rights, and related state law claims. The district court granted summary judgment to Defendants on the § 1983 claims and the state claims for malicious prosecution and false imprisonment. It remanded the remaining state claims to state court. Kessack appeals from the district court's grant of summary judgment. We have jurisdiction under 28 U.S.C. § 1291. Under de novo review and construing the evidence in Kessack's favor, we affirm. *See SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1085 (9th Cir. 2010).

1.     We look to Washington law to determine whether Kessack could prevail on his § 1983 false imprisonment and malicious prosecution claims, as well as his corresponding state claims. *See Mills v. City of Covina*, 921 F.3d 1161, 1169 (9th Cir. 2019); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam). "As with an action for malicious prosecution, probable cause is a complete defense to an action for false arrest and imprisonment." *Hanson v. City of Snohomish*, 852 P.2d 295, 301 (Wash. 1993). Kessack's false imprisonment and

malicious prosecution claims fail because Defendants' actions were supported by probable cause.

Kessack's false imprisonment claims rest on Defendants' decision to remove him from work release and place him in total confinement pending hearings on whether he violated the terms of his work release. Probable cause supported this decision. Defendants received information that a community corrections officer had seen Kessack in an unauthorized location with an unauthorized person. Defendants therefore had reasonable grounds to believe that Kessack had committed serious violations, and under Washington law, Defendants could transfer him to total confinement pending his violation hearing. *See* Wash. Admin. Code § 137-25-030 (2017); *id.* § 137-56-170(1) (2017). A hearings officer ultimately found Kessack guilty of two serious violations, and Kessack does not challenge those guilty findings.

Probable cause also supported Defendants' decision to keep Kessack in total confinement pending a separate hearing on his 762 violation (termination from a Drug Offender Sentencing Alternative substance abuse treatment program). *See* Wash. Admin. Code § 137-25-030 (2017). Although Defendants did not have a signed document from the treatment provider reflecting Kessack's termination from treatment when they decided to keep him in total confinement, they could reasonably conclude that Kessack would be terminated given his transfer to total

3

confinement and the hearings officer's guilty findings. The treatment participation requirements, which Kessack had agreed to follow, stated that an infraction resulting in a transfer would lead to termination from treatment.

Defendants also had probable cause to charge Kessack with a 762 violation and find him guilty of such violation. As discussed above, Defendants had sufficient information to reasonably conclude that Kessack had committed a 762 violation. And the evidence confirms that Kessack was in fact terminated from treatment on his transfer date and failed to complete his treatment. His conclusory testimony to the contrary cannot raise a genuine issue of fact to defeat summary judgment. *See Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 345 (9th Cir. 1995).

2. A prisoner bringing a First Amendment retaliation claim "bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains." *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).[1] Kessack committed two high level violations just days before his

---

[1] Our retaliation cases that arise in the prison context provide the appropriate standard. *See, e.g.*, *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). Thus, we reject Kessack's argument presented to the district court that *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019), provides the standard for his retaliation claim. But even if *Nieves* applied, Kessack's claim would fail. As discussed above, Kessack fails to show that Defendants lacked probable cause. He also fails to satisfy *Nieves*'s exception to the no-probable-cause requirement. *See id.* at 1727. The district court correctly determined that Vanessa Orr was not similarly situated

4

scheduled release into the community. Under this circumstance, the Department of Corrections policy mandated committing Kessack to total confinement pending his hearing. Additionally, he was a repeat offender with seventeen felony convictions, was classified as "high[ly] violent," and had committed a serious violation during a prior work release period. Defendants transferred Kessack to total confinement to enforce his work release conditions and prevent him from committing further work release violations, among other reasons. These are legitimate correctional justifications. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). Kessack's reliance on *Bruce v. Ylst*, 351 F.3d 1283 (9th Cir. 2003), is unavailing. Unlike in *Bruce*, Defendants' actions were prompted by Kessack's undisputed failure to follow his work release conditions, and Defendants have offered specific, legitimate correctional reasons for their actions.

**No. 21-35631: AFFIRMED.**[2]

**No. 21-35685: DISMISSED AS MOOT.**[3]

---

to Kessack. Unlike Kessack, there is no evidence that Orr had prior convictions, prior infractions from work release, or a high-risk classification.

[2] Given our disposition, we need not decide whether the community corrections officer is entitled to qualified immunity or whether Defendants are entitled to absolute quasi-judicial immunity.

[3] We dismiss Defendants' cross-appeal as moot, as they have abandoned it.