

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHREE SHIVA, LLC, | No.   22-15395 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00211-JAM-KJN |
| v. | |
| CITY OF REDDING; DEBRA WRIGHT; JAMES WRIGHT; BRENT WEAVER, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| BUILDING ADVENTURES, INC.; RICHARDSON C. GRISWOLD, | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted January 25, 2023**
San Francisco, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: GOULD, RAWLINSON, and BRESS, Circuit Judges.

Shree Shiva, LLC (Shree Shiva) appeals from the district court's dismissal without leave to amend of its action filed under 42 U.S.C. § 1983. We review de novo dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6). *See Alpha Venture Capital Partners LP v. Pourhassan*, 30 F.4th 920, 924 (9th Cir. 2022). We review for abuse of discretion the denial of leave to amend and we review de novo a district court's determination that further amendment would be futile. *See Curry v. Yelp Inc.*, 875 F.3d 1219, 1228 (9th Cir. 2017).

1. As a preliminary matter, Appellees urge us to dismiss this appeal due to Shree Shiva's failure to prepare Excerpts of Record as required by Ninth Circuit Rule 30-1. However, the deficiencies in Shree Shiva's submitted Excerpts of Record do not prevent us from ascertaining the relevant facts and law. *See Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1033 n.2 (9th Cir. 2005). Therefore, we decline to dismiss the appeal on this basis. *See id.*

2. The district court properly dismissed Shree Shiva's federal claims under Rule 12(b)(6) because they were barred by the statute of limitations. Shree Shiva's claims accrued at the latest in March 2016, when the receiver took possession and control of the property. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002) (explaining that a § 1983 claim accrues "when

2

the plaintiffs know or have reason to know of the injury that is the basis of the action") (citation omitted). Because the statute of limitations for § 1983 claims in California is two years, the statute of limitations expired before Shree Shiva filed its action in February 2021, as Shree Shiva had reason to know of the injury that was the basis of its action when it lost control of the property. *See Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir. 2019) (applying California's two-year statute of limitations to § 1983 claims). Nor has Shree Shiva demonstrated that it is entitled to equitable tolling.

3. The district court properly dismissed Shree Shiva's state law claims of conspiracy to commit fraud and fraud because Shree Shiva failed to comply with, or plausibly allege that it was excused from, the requirements of the California Government Claims Act. *See Gong v. City of Rosemead*, 226 Cal.App.4th 363, 374 (2014).

4. We are not persuaded by Shree Shiva's argument that the district court dismissed the complaint solely because Shree Shiva's opposition exceeded the district court's page limitations. The district court also addressed Shree Shiva's legal arguments on the merits and concluded that amendment would be futile.

5. The district court did not err in finding that amendment of Shree Shiva's complaint would be futile. *See Curry*, 875 F.3d at 1228. Shree Shiva has

3

not suggested additional facts that could cure the complaint's deficiencies with respect to expiration of the statute of limitations period or Shree Shiva's failure to comply with the California Government Claims Act. Therefore, the district court did not abuse its discretion in denying leave to amend. *See id.*

Given our resolution of the issues resolved in the district court, we need not reach the alternative grounds for affirmance advanced by Appellees.

**AFFIRMED.**