Filed 2/27/23  Zhang v. County of L.A. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JEFF BAOLIANG ZHANG,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF LOS ANGELES et al.,<br><br>Defendants and Respondents. | B319492<br><br>(Los Angeles County<br>Super. Ct. No. 21STCV27611) |

APPEAL from the judgment of the Superior Court of Los Angeles County, Armen Tamzarian, Judge.  Affirmed.

Jeff Baoliang Zhang, in pro. per., for Plaintiff and Appellant.

Collinson, Daehnke, Inlow & Greco and Laura E. Inlow for Defendants and Respondents.

_____

Plaintiff and appellant Jeff Baoliang Zhang appeals from a judgment dismissing with prejudice his lawsuit against defendants and respondents County of Los Angeles (erroneously sued as Los Angeles County Public Defender Office), Jonathan Petrak, and Rourke Stacy, after the court sustained a demurrer to Zhang's operative complaint with leave to amend, and Zhang failed to file an amended complaint.  We affirm.

## FACTS AND PROCEEDINGS BELOW

Zhang alleged the following facts in the operative complaint and/or they are reflected in documents of which we take judicial notice (see *Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6).

On December 15, 2011, Zhang was engaged in a "peaceful protest before the Chinese communist consulate in [Los Angeles] because their agents had been heatedly after [him] for [his] life due to [his] pro-democracy writings about China."  Consulate staff "illegally removed [Zhang's] protest signboards to the trash[ ]can," whereupon Zhang, "[f]eeling [his] constitutional rights were violated by the Chinese communists, . . . fired some shots at the closed side[ ]door of the empty consulate building to express [his] strong protest."  Zhang was criminally charged. During his criminal proceedings, several different deputy public defenders represented him, including Petrak and Stacy.

Petrak first represented Zhang in February of 2012. Petrak expressed doubt to the criminal court about Zhang's mental competency to stand trial.  This led to the mental health court conducting a competency hearing and concluding in March 2012 that Zhang was "mentally incompetent within the meaning of [s]ection 1368 of the Penal Code."  The court suspended criminal proceedings and ordered him committed to Patton State Hospital (PSH).

2

In December of 2013, Zhang wrote a petition for writ of habeas corpus asserting that his public defender "slandered [him] two times and forced [him] to stay in [a] mental hospital." The operative complaint and record on appeal are unclear as to whether Zhang filed the petition.

In January 2014, Zhang was released from PSH as competent to stand trial. Stacy represented Zhang at two hearings in August and September of 2014. In November of 2014, Zhang fired the public defender's office and retained private counsel. Zhang's private attorney "coerced [him] to take [a] plea bargain." In 2015, Zhang entered a plea of nolo contendere to the charges of aggravated assault and a firearm sentencing enhancement, and on October 15, 2015, the court sentenced him to serve nine years in prison. He was released from prison in June of 2019 and sent to Atascadero State Hospital, from which he was released in July 2020.

On July 28, 2021, Zhang filed his original complaint against the "Los Angeles County Public Defenders Office." On December 10, 2021, Zhang filed his first amended complaint, naming as defendants "Los Angeles County Public Defender Office," Petrak, and Stacy. On February 10, 2022, the court sustained a demurrer with leave to amend within 15 days. Zhang was present in court for the hearing on the demurrer, and the court served him with the minute order that same day.

Rather than file an amended complaint, Zhang filed a document he entitled "Plaintiff's Strong Disagreement to the Three Major Issues in the Tentative Ruling," which contained neither an amended complaint nor anything resembling a complaint. Defendants filed an ex parte application to have the case dismissed based on Zhang's failure to amend. The court

granted Zhang a continuance, and Zhang filed a document entitled "Plaintiff's Strong Objection to the Defendants' So-Called Ex Parte Application," which the court considered as an opposition. Zhang appeared at the hearing on the application and presented oral argument. The allotted time for Zhang to file an amended complaint had expired, and the court dismissed the case with prejudice. Zhang filed a timely notice of appeal.

## DISCUSSION

The record does not contain anything indicating Zhang has ever filed or attempted to file a second amended complaint, as the court granted him leave to do. On appeal, he appears to argue that he has a constitutional right to petition for relief in any form he chooses, that the word "amend" can have multiple meanings, and thus that the document entitled "Plaintiff's Strong Disagreement to the Three Major Issues in the Tentative Ruling" serves as his second amended complaint. We disagree.

To the extent Zhang's appeal can be understood as appealing the judgment as a result of the court's order sustaining the demurrer, and thus as challenging the bases on which the court sustained the demurrer, it is without merit. Zhang's claims suffer from numerous fatal deficiencies, which we need not discuss, because his purported claims are all time barred. The operative complaint does not clearly identify a cause of action, but the court identified—and Zhang does not dispute—that the possible causes of action are: fraud, elder abuse, legal malpractice, and a federal civil right cause of action under section 1983 of title 42 of the United States Code (section 1983). The statute of limitations for fraud is three years (Code Civ. Proc., § 338, subd. (d)); for elder abuse, two years (*id.*, § 335.1);

4

for legal malpractice, one year after the discovery of the wrongful act or four years after the wrongful act (*id.*, § 340.6, subd. (a)); and for a section 1983 claim, two years (*Mills v. City of Covina* (9th Cir. 2019) 921 F.3d 1161, 1166).

Because Zhang drafted a habeas petition in December 2013 alleging the same wrongful conduct on which his instant legal malpractice claim is based, the record reflects that Zhang discovered the allegedly wrongful conduct underlying that claim no later than December 2013. The statute of limitations on that claim thus expired no later than December 2014, several years before Zhang filed his initial complaint. As to the remaining causes of action, none of the respondents' alleged conduct post-dates Zhang's sentencing in October 2015. Thus, the latest of the statutes of limitations on the remaining three causes of action expired no later than October 2018. His claims first made in the July 2021 complaint are barred.[1]

Finally, Zhang appears to be arguing that threats and intimidation by unidentified county or state officials in unspecified ways equitably tolled the limitations periods, but he has failed to allege the requisite "calculated conduct or representations by the [defendant] public entity or its agents that induced [him] to remain inactive and not to comply with the claims-presentation requirements." (*Ortega v. Pajaro*

---

[1] Although Code of Civil Procedure can toll a limitations period for an additional two years based on a plaintiff's incarceration (see Code Civ. Proc., § 352.1, subd. (a)), "[t]his section does not apply to an action against a public entity or public employee." (*Id.*, subd. (b).) Even if it did apply, however, Zhang's claims would still be time barred.

*Valley Unified School Dist.* (1998) 64 Cal.App.4th 1023, 1045.) Accordingly, we affirm.

## DISPOSITION

The judgment is affirmed. Respondents are awarded their costs on appeal.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:


CHANEY, J.


WEINGART, J.