NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD HAMILTON, | No. 22-15866 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-01378-APG-BNW |
| v. | |
| KENT JASPERSON, Justice; COUNTY OF NYE, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted March 8, 2023[**]
Las Vegas, Nevada

Before: GRABER, BENNETT, and DESAI, Circuit Judges.

Richard Hamilton appeals the district court's dismissal of his 42 U.S.C. §
1983 complaint against Nye County and Kent Jasperson, a Nye County Justice of
the Peace. Mr. Hamilton alleges constitutional violations and state law claims arising

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

from his arrest on a warrant for contempt of court issued by Justice Jasperson. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo. *Sadoski v. Mosley*, 435 F.3d 1076, 1077 n.1 (9th Cir. 2006). We affirm.

First, the district court correctly dismissed Mr. Hamilton's Section 1983 claims because Justice Jasperson is entitled to judicial immunity. Mr. Hamilton's claims against Justice Jasperson rest entirely on acts taken in the judge's judicial capacity, which are subject to absolute immunity. *E.g.*, *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam). Even though Justice Jasperson issued the warrant in violation of the procedures required under Nevada Revised Statute section 22.030, he is still entitled to judicial immunity. *See O'Neil v. City of Lake Oswego*, 642 F.2d 367, 368–70 (9th Cir. 1981) (holding that a judge was entitled to judicial immunity even though he "acted in excess of jurisdiction" when holding a defendant in contempt of court).

Second, the district court correctly dismissed Mr. Hamilton's claims against Nye County as untimely. A two-year statute of limitations applies. *See* Nev. Rev. Stat. § 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam) (holding that Nevada's two-year statute of limitations in Nevada Revised Statute section 11.190(4)(e) applies to § 1983 claims). Mr. Hamilton's claim accrued when he was arrested on February 12, 2018, and no later than March 2018 when he was released from custody and his contempt charges were dismissed. *See Mills v. City of*

*Covina*, 921 F.3d 1161, 1166 (9th Cir. 2019) (holding that claims for "unlawful stop and detention, false arrest, false imprisonment, failure to screen and hire properly, failure to train properly, and failure to supervise and discipline" accrued when the plaintiff "was subjected to a search in violation of the Fourth Amendment and was arrested"). Because Mr. Hamilton did not file his complaint until July 2021, his claims are time-barred.

**AFFIRMED**.