NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSEPH ROBINSON,

        Plaintiff-Appellant,

   v.

KENNETH BRYANT,

        Defendant-Appellee.

No.   21-16622

D.C. No. 2:20-cv-01189-DMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dennis M. Cota, Magistrate Judge, Presiding[**]

Submitted March 14, 2023[***]

Before:    SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Joseph Robinson appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging malicious prosecution.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's ruling

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

on cross-motions for summary judgment. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment for defendant Bryant because Robinson failed to overcome the presumption that the prosecutor exercised independent judgment in determining that probable cause existed when the prosecutor filed a criminal complaint. *See Mills v. City of Covina*, 921 F.3d 1161, 1169 (9th Cir. 2019) (describing the elements of a malicious prosecution claim); *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981), *overruled on other grounds by Beck v. City of Upland*, 527 F.3d 853, 865 (9th Cir. 2008) ("Filing of a criminal complaint immunizes investigating officers … from damages suffered thereafter because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time."); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1027 (9th Cir. 2008) (evidence to rebut the presumption must be "substantial" and cannot consist merely of a plaintiff's own account of events).

All pending motions are denied.

**AFFIRMED.**

21-16622