**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT CHAGOLLA; JACKIE CHAGOLLA, | No. 21-16352 |
| Plaintiffs-Appellants, | D.C. No. 2:20-cv-00079-MTL |
| v. | |
| BRYAN CLUFF, Maricopa County Sheriff's Office; TODD BATES, Maricopa County Sheriff's Office; PAUL PENZONE, Maricopa County Sheriff's Office; MARICOPA COUNTY SHERIFF'S OFFICE; COUNTY OF MARICOPA; CLARISSE MCCORMICK, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted April 17, 2023[**]

Before:     CLIFTON, R. NELSON, and BRESS, Circuit Judges.

Robert and Jackie Chagolla appeal pro se from the district court's judgment

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing their action alleging various federal claims arising from Robert Chagolla's termination from the Maricopa County Sheriff's Office. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Federal Rule of Civil Procedure 12(b)(6)); *Mills v. City of Covina*, 921 F.3d 1161, 1165 (9th Cir. 2019) (dismissal on the basis of the statute of limitations). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of plaintiffs' 42 U.S.C. § 1983 claims was proper because plaintiffs filed this action more than two years after their claims accrued. *See Soto v. Sweetman*, 882 F.3d 865, 870-71 (9th Cir. 2018) (explaining that "[f]ederal courts in § 1983 actions apply the state statute of limitations from personal injury claims," and that federal law governs when a claim accrues, which is when a plaintiff knows or should know of the injury that forms the basis for his cause of action); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004) (applying Arizona's two-year personal injury statute of limitations to § 1983 claim).

We do not consider plaintiffs' contentions regarding their claims brought under Rule 60(d) of the Federal Rules of Civil Procedure because those claims are beyond the scope of this appeal. *See* Docket Entry No. 13 (limiting the scope of

this appeal to claims dismissed with prejudice in the district court's August 6, 2021 order).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

All pending motions and requests are denied.

**AFFIRMED.**

21-16352