**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 28 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDDIE LAWRENCE QUITUGUA, <br><br>      Plaintiff - Appellant, <br><br>   v. <br><br> DONNA P. QUITUGUA, an individual; RYAN C.P. QUITUGUA, an individual; NACRINA F. MENDIOLA, an individual; F. RANDALL CUNLIFFE, an individual; LISA P. CRUZ, individually and in her official capacity as a Land Abstractor II employee with the Department of Land Management; JOSEPH M. BORJA, in his official capacity only as the Director of the Department of Land Management; GUAM OFFICE OF THE ATTORNEY GENERAL, as a government entity for prospective declaratory and injunctive relief only, <br><br>      Defendants - Appellees, <br><br> and <br><br> NICOLAS E. TOFT, individually and in his official capacity as the Assistant Attorney General for prospective declaratory and injunctive relief under under Ex Parte | No. 25-7753 <br><br> D.C. No. 1:25-cv-00036 <br><br><br> MEMORANDUM[*] |

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Young,

        Defendant.

Appeal from the District Court of Guam
Frances Tydingco-Gatewood, District Judge, Presiding

Submitted January 22, 2026[**]

Before:     WARDLAW, CLIFTON, and R. NELSON, Circuit Judges.

Eddie Lawrence Quitugua appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims stemming from a Guam Superior Court unlawful detainer case. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) on the basis of the statute of limitations. *Mills v. City of Covina*, 921 F.3d 1161, 1165 (9th Cir. 2019). We affirm.

The district court properly dismissed Quitugua's action because Quitugua filed his complaint outside the applicable statute of limitations, and Quitugua has provided no basis for equitable tolling under Guam law. *See Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir. 2018) (explaining that "[f]ederal courts in § 1983 actions apply the [forum] state statute of limitations from personal-injury claims and borrow the state's tolling rules"); 7 Guam Code Ann. § 11306(a) (setting forth

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

           

two-year statute of limitations for personal injury claims); *Ignacio v. People*, 2012 Guam 14 ¶ 42 n.4 (explaining that Guam "has not adopted equitable tolling outside of the narrow context of insurance claims").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**