NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SACHIN PATEL II, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> AMERICAN DENTAL ASSOCIATION; JOINT COMMISSION ON NATIONAL DENTAL EXAMINATIONS; AMERICAN STUDENT DENTAL ASSOCIATION; AMERICAN DENTAL EDUCATION ASSOCIATION; CAAPID; PROMETRIC, INC., <br><br> Defendants - Appellees. | No. 24-7797 <br><br> D.C. No. 2:24-cv-08762-WLH-AS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Wesley L. Hsu, District Judge, Presiding

Submitted January 22, 2026[**]

Before:    WARDLAW, CLIFTON, and R. NELSON, Circuit Judges.

Sachin Patel II appeals pro se from the district court's judgment dismissing

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his 42 U.S.C. § 1983 action alleging various federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) on the basis of the applicable statute of limitations. *Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir. 2019). We affirm.

The district court properly dismissed as time-barred Patel's action because Patel filed his complaint outside the applicable statutes of limitations and failed to allege facts sufficient to show that he was entitled to tolling. *See Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 917 (Cal. 2005) (explaining that under the delayed discovery rule, a cause of action accrues and the statute of limitations begins to run "when the plaintiff has reason to suspect an injury and some wrongful cause, unless the plaintiff pleads and proves that a reasonable investigation at that time would not have revealed a factual basis for [the] cause of action"); *see also Oliver v. SD-3C LLC*, 751 F.3d 1081, 1086 (9th Cir. 2014) (setting forth requirements for the "continuing conspiracy" doctrine under federal antitrust law); *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1060 (9th Cir. 2012) (explaining that to toll the statute of limitations on the basis of fraudulent concealment, a plaintiff "must plead facts showing that the defendant affirmatively misled it, and that the plaintiff had *neither actual nor constructive knowledge* of the facts giving rise to its claim despite its diligence in trying to uncover those

facts); *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (explaining that equitable tolling is warranted "when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time"); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (discussing requirements for equitable tolling under California law).

Patel's challenge to the denial of his motion for a temporary restraining order is moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1449-50 (9th Cir. 1992) (explaining that when underlying claims have been decided, reversal of denial of preliminary injunctive relief would have no practical consequences, and the issue is therefore moot).

We reject as without merit Patel's contention that the district court was biased against him.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Patel's unopposed motion (Docket Entry No. 36) to file a document under seal is granted. The clerk will file publicly the motion to seal (Docket Entry No. 36-1). The clerk will maintain under seal the reply to response to motion to expedite and supporting declaration (Docket Entry Nos. 36-2, 36-3, and 37).

All other pending motions and requests are denied.

**AFFIRMED.**

24-7797