NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHELLE DIANE GANEY; MICHAEL JAMES GANEY, Jr., | No. 24-4547 |
| | D.C. No. 3:23-cv-01448-CAB-AHG |
| Plaintiffs - Appellants, | |
| v. | MEMORANDUM* |
| COUNTY OF SAN DIEGO; JANETTE VILLA; TOREE RUIZ; JANEA AYALA; CHRISTOPHER TAYLOR; MARY SHEHEE; LILIANA IRIBE-MORENO; JADE NIETO; NICK MACCHIONE, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted February 18, 2026**

Before: CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

Michelle Diane Ganey and Michael James Ganey, Jr., appeal pro se from the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's judgment dismissing their 42 U.S.C. § 1983 action arising out of juvenile dependency proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021) (dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)); *Mills v. City of Covina*, 921 F.3d 1161, 1165 (9th Cir. 2019) (dismissal based on the statute of limitations). We affirm.

The district court properly dismissed the Ganeys' § 1983 claims against the individual defendants because the Ganeys filed this action more than two years after their claims accrued and failed to allege circumstances that justified equitable tolling. *See Soto v. Sweetman*, 882 F.3d 865, 870-71 (9th Cir. 2018) (explaining that "[f]ederal courts in § 1983 actions apply the state statute of limitations from personal injury claims and borrow the state's tolling rules," and that federal law governs when a claim accrues, which is when a plaintiff knows or should know of the injury that forms the basis for his cause of action); *see also* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury claims); *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 746-48 (9th Cir. 2019) (explaining limited availability of the continuing violations doctrine); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (setting forth requirements for equitable tolling under California law).

The district court dismissed the Ganeys' claim under California's Bane Act,

Cal. Civ. Code § 52.1, because the Ganeys did not file a timely notice under the California Tort Claims Act. *See* Cal. Gov't Code § 911.2(a) (requiring that state law claims be presented to the relevant agency "not later than six months after the accrual of the cause of action"); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) (explaining that the "California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim"); *see also Willis v. City of Carlsbad*, 262 Cal. Rptr. 3d 528, 542, 544-45 (Ct. App. 2020) (concluding that "equitable tolling cannot be invoked to suspend section 911.2's six-month deadline for filing a prerequisite government claim" and discussing accrual and the continuing violation doctrine under California law). The Ganeys have not shown on appeal why that dismissal was improper.

The district court properly dismissed the Ganeys' *Monell* claim against the county because the Ganeys failed to allege facts sufficient to show an official policy or custom of constitutional violations. *See Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks

omitted)).

The district court did not abuse its discretion in denying leave to file a second amended complaint because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile).

The district court did not abuse its discretion in denying the Ganeys' motion for appointment of counsel because the Ganeys did not establish exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement).

**AFFIRMED.**